Luis BALLESTERO, Appellant,

v.

STATE of Texas, Appellee.

No. 04–81–00136–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 29, 1982.

Charles D. Butts, San Antonio, for appellant.

Bill White, Dist. Atty., John J. Horn, III, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and BASKIN, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a conviction for murder. After finding appellant guilty, the jury assessed his punishment at 99 years' confinement.

In seven grounds of error, appellant attacks the prosecutor's asking of a question allegedly implying commission of extraneous misconduct by appellant, and further alleges that his written statement was improperly admitted into evidence, that an arresting officer's report was erroneously admitted into evidence, that two requested special charges were erroneously refused, and that the prosecutor improperly asked a witness in front of the jury whether she objected to having her written statement admitted into evidence. We affirm.

On October 15, 1975, appellant shot and killed his ex-wife. After having been divorced earlier that year, they had resumed seeing each other. Prior to the divorce, appellant's then-wife had been involved with another man, Joe Acosta, and supposedly both had been taunting appellant about the affair. According to appellant, she also had been ridiculing him about the severe injuries he had suffered to his hands in an accident.

On the day of the shooting, appellant went to the place where his ex-wife was staying. He took a pistol along, allegedly because of his fear of Acosta. Finding the couple in bed together, appellant killed them both with the pistol.

■ In his first ground of error, appellant contends that the prosecutor improperly asked a question suggesting that appellant had engaged in misconduct not a part of the accusation being tried. The question occurred during the testimony of defense witness Raymond Frausto, head of the Identification Division of the San Antonio Police Department. Frausto testified that a diligent search of all records available to him indicated that appellant had never been arrested for any offense prior to the shootings.

On cross-examination, Frausto stated that at the prosecutor's request he had also searched his files for prior criminal history on Acosta, and had found no arrests. On redirect, appellant's counsel asked whether Frausto's records would show that Acosta had abandoned his wife and children and gone to live with other women, or had broken up another man's home. Frausto answered in the negative.

It was in obvious response to this line of questioning that the prosecutor asked, "Mr. Frausto, six, eight months ago, if an ambulance went to the house where Luis Ballestero was living unmarried with another girl, who he got pregnant, who was having a miscarriage, would the police reports reflect that?" to which Frausto answered that

they would not. Appellant's objection was sustained and his request that the jury be instructed to disregard it was granted, but his motion for a mistrial was denied.

We find that the error in the prosecutor's eliciting this testimony was not so manifest nor obviously harmful that the instruction to the jury to disregard it could not have cured the error. *Yarbrough v. State*, 617 S.W.2d 221, 228 (Tex.Cr.App.1981). Further, the question and answer would appear to have been invited by the clearly improper question asked by appellant's counsel regarding Acosta's character.

We similarly do not believe that the prosecutor's stating in front of the jury that he wished to prove up, outside their presence, his good faith in asking the question requires reversal. *Yarbrough v. State, supra.* The ground of error is overruled.

In his second ground of error, appellant contends that his written statement was erroneously admitted into evidence, because it was not voluntary. The voluntariness issue was determined in a pre-trial hearing, in compliance with *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) and Tex.Code Crim.Pro.Ann. art. 38.-22, § 6 (Vernon 1979). Subsequently, the jury was instructed not to consider the statement if there was a reasonable doubt whether it was voluntarily given.

In the voluntariness hearing, appellant's counsel established through cross-examination of San Antonio police officer Frank Castillon, who interrogated appellant and typed up the statement, that appellant had been upset while being questioned. Castillon admitted that from time to time appellant became hysterical and cried off and on throughout the interview. Castillon would have to stop his questioning until appellant calmed down and then resume taking the statement.

Appellant also testified during the hearing. He stated that he had requested an attorney, but officer Castillon had told him he did not need one. He also testified that Castillon would get about halfway through typing a statement and then pull it out of the typewriter and tear it up, and that this happened two or three times. Castillon had stated earlier that he tore up one statement after typing a quarter of a page, because it was determined that appellant had been lying. Appellant also stated that he never read the statement and only signed it because Castillon had led him to believe that if he did so he would be able to get out of the police department. He stated that he had not been in his "right mind". At the close of the hearing, the trial court held that the statement was voluntary, given in compliance with law, and admissible.

■ At a hearing on the voluntariness of a confession, the trial court is the sole judge of the credibility of witnesses, and may choose to believe one witness over another. *Moon v. State*, 607 S.W.2d 569 (Tex.Cr.App. 1980). Thus, the trial court in this case was free to reject the testimony of appellant which would have rendered the written statement inadmissible.

There is another facet to this issue, however. There was testimony from *both* sides that appellant was emotionally upset to the point of hysteria at various times during the questioning which led to his executing the written statement. We, therefore, must conclude that the trial court accepted this testimony as true in holding the statement voluntary.

■ It has been held that the defective mental state of a defendant may be significant enough to render a confession inadmissible. *Page v. State*, 614 S.W.2d 819 (Tex. Cr.App.1981); *Casias v. State*, 452 S.W.2d 483, 488 (Tex.Cr.App.1970). Likewise, the emotional confusion and debilitation of a suspect may well call into question the voluntariness of his confession to officers. *Mincey v. Arizona*, 437 U.S. 385, 396–402, 98 S.Ct. 2408, 2415–2418, 57 L.Ed.2d 290 (1978).

■ After a careful review of the record, however, we hold that the trial court did not abuse its discretion in ruling that the statement was voluntary. As the Supreme Court has recently reminded, "... 'Any statement given freely and voluntarily without any compelling influences is, of

course, admissible in evidence' . . . ." *Rhode Island v. Innis,* 446 U.S. 291, 299–300, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980) (quoting *Miranda v. Arizona,* 384 U.S. 436, 478, 86 S.Ct. 1602, 1680, 16 L.Ed.2d 694 (1966)). In this case, appellant was with officer Castillon from 2:00 p.m. until 4:30 p.m. on the day the killings were discovered. At the same time, Benjamin Herrera, who had been with appellant the night before, was being questioned in an adjacent room by officer Frank Hinojosa. When Hinojosa called Castillon into his office to tell him that Herrera had implicated appellant in the shootings, Castillon returned to appellant and confronted him with this information. Appellant then recanted his earlier story that he had seen his ex-wife on the previous night and that she had been alive when he left her. He confessed to having caught his ex-wife and Acosta in bed together and having shot them both. His emotional distress at being confronted with having killed his ex-wife, with whom he had been hoping to reconcile, is understandable. This alone, however, does not compel a finding that the statement was involuntary. "Mere emotionalism and confusion do not dictate a finding of mental incompetency or insanity," which would render a confession involuntary. *Sullivan v. Alabama,* 666 F.2d 478, 483 (11th Cir. 1982).

Appellant was given the warnings required by Tex.Code Crim.Pro.Ann. art. 38.-22 (Vernon 1977), and although appellant testified otherwise, the trial court found that he made a valid waiver of his right to the presence and assistance of counsel. Appellant maintained that he did not really read the statement but only signed it to "get out of there." This was directly rebutted by officer Castillon's testimony that he watched as appellant took several minutes to read the statement and made a handwritten change to the narrative at one point. This evidence rebuts the inference that appellant was not in a rational state of mind when he executed the statement, and the trial court apparently thought so in arriving at his ruling. The trial court did not abuse his discretion in finding that the statement was voluntary. The second ground of error is overruled.

In his third ground of error, appellant complains of the prosecutor's questions on cross-examination as to whether he had stated, in response to questioning by officer Willy Allen at the police station, "Why am I being asked all these questions?" Appellant contends that the asking of this question before the jury violated his right against self-incrimination. Objection to the question was sustained and the jury instructed to disregard the question, but appellant's motion for a mistrial was denied. The objection was interposed before appellant could answer the question, and the question itself was not so manifestly improper that the instruction could not have cured any harm in asking it. *See Carrillo v. State,* 591 S.W.2d 876, 892–893 (Tex.Cr.App. 1979). The third ground of error is overruled.

Appellant next contends that it was reversible error for the trial court to admit a copy of officer Allen's offense report into evidence over objection. The report was offered in its entirety after appellant's counsel had read from it at length to the jury and had extensively cross-examined officer Allen using the report. The report was on one subject, Allen's investigation of the shooting deaths of Rose Marie Ballestero and Joe Acosta. Appellant's counsel having made an issue before the jury of the contents of the report, and having read portions in the presence of the jury, its admission into evidence was not improper. Tex.Code Crim.Pro.Ann. art. 38.24 (Vernon 1979); *Wintters v. State,* 616 S.W.2d 197 (Tex.Cr.App.1981); *Bermudez v. State,* 504 S.W.2d 868, 872 (Tex.Cr.App.1974). The fourth ground of error is overruled.

In his fifth ground of error, appellant argues that the trial court committed reversible error in refusing his requested special charge on illegally obtained evidence. In his brief, he contends that due to his having been emotionally upset when he gave his confession and his written consent to a police search of his residence, a jury

issue was created under Tex.Code Crim.Pro. Ann. art. 38.23 (Vernon 1979).

■ The requested special charge tracked precisely the words of art. 38.23:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Nowhere does the proposed charge elaborate on what legal or constitutional rights were supposedly violated, or what particular evidence was illegally obtained. In argument on the request, one of appellant's counsel stated his belief that an issue had been raised by appellant's having been arrested without probable cause and his emotional distress at the time of his confession and his executing the consent-to-search form. Appellant, however, did not bring these issues forward in the substance of his requested charge. To have given the charge as requested would have left the jury to speculate, with no guidance whatever, as to what evidence might have been illegally obtained by violation of what legal authority.

Further, given the statement of appellant's companion Herrera implicating appellant as the killer, and the fact that appellant did not at trial and does not now contest Herrera's statement as to appellant's having killed the deceased, there was independent probable cause, as a matter of law, for the arrest of appellant, which took place only after both Herrera and appellant gave their statements. A jury charge under art. 38.23 is appropriate only when there is a contested issue of fact on the existence of probable cause. *Merriweather v. State,* 501 S.W.2d 887, 891 (Tex.Cr.App.

1973); *McElwee v. State,* 493 S.W.2d 876, 880 (Tex.Cr.App.1973). The fifth ground of error is overruled.

■ Appellant next contends that the trial court committed reversible error in refusing his requested special charge on the lesser included offense of aggravated assault. Appellant maintains that this issue was raised by his testimony that he did not know that the gun worked, that he lost control of himself, and that "he did not mean to hurt" his ex-wife. He relies on *Thompson v. State,* 521 S.W.2d 621 (Tex.Cr. App.1974). The contention is without merit.

First, *Thompson* was a case of assault with intent to murder, under the prior Penal Code. As such, the State was required to allege and prove the existence of the specific intent to murder. Tex.Penal Code Ann. art. 1160 (1961); Tex.Code Crim.Pro. Ann. art. 21.05 (Vernon 1966). When Thompson by his testimony negated the existence of that specific intent, a fact issue was raised, requiring the submission of the requested charge.

In this case, however, appellant testified that he had no intent to hurt anyone. His testimony, in other words, was wholly exculpatory. He does not contend that, if guilty of anything, he is guilty only of aggravated assault, which requires proof of an intentional, knowing, or reckless infliction of serious bodily injury. Tex.Penal Code Ann. §§ 22.01(a)(1); 22.02(a)(1) (Vernon 1974). Under *Royster v. State,* 622 S.W.2d 442 (Tex.Cr.App.1981), appellant was not entitled to such a charge. If his testimony is viewed as raising the issue of whether he acted *voluntarily,* it would have been proper to have sought such a charge. Tex.Penal Code Ann. § 6.01(a) (Vernon Supp.1982); *Williams v. State,* 630 S.W.2d 640, 644 (Tex.Cr.App.1982). No such charge was requested, however, and appellant did not establish at trial that, if guilty of any offense, he was guilty only of the lesser offense of aggravated assault. The sixth ground of error is overruled.

Appellant's seventh ground of error raises the propriety of the prosecutor's asking a witness before the jury whether she would object to having her written statement admitted into evidence. The witness, Mrs. Escamilla, was the mother of appellant's ex-wife.

The question was improper. It was asked on direct examination, prior to there having been any issue raised of the witness' credibility. It tended to bolster the witness. As the objection was sustained and the jury instructed to disregard the question, however, we find that the error does not require reversal. *Carrillo v. State*, 591 S.W.2d 876, 892–893 (Tex.Cr.App.1979). The seventh ground of error is overruled.

The judgment is affirmed.