Charles BERLANGA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–84–00311–CR.

Court of Appeals of Texas,
San Antonio.

July 17, 1985.

Rehearing Denied Sept. 12, 1985.

Robert L. Frazier, Jr., Patsy Cheyney, San Antonio, for appellant.

Sam Millsap, Jr., Raymond Fuchs, Eduardo Garcia, Edward F. Shaughnessy, III, Crim. Dist. Atty.'s Office, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for the offense of murder. Appellant was charged by indictment for the offense of murder as defined in TEX.PENAL CODE ANN. § 19.02(a)(1) (Vernon 1974). Appellant entered a plea of not guilty, and was subsequently convicted by a jury of the offense charged. Appellant presents five grounds of error. We affirm.

In ground of error number one, the appellant argues that the district court erred in overruling his objection to the charge of the court on the grounds that the charge failed to include an alternate charge on the lesser included offense of involuntary manslaughter. In support of his contention, appellant states that prior to the reading of the charge of the court to the jury, appellant made certain objections and requests

relating to the charge. Objection was made to the failure of the court to instruct the jury on the lesser included offense of involuntary manslaughter. It is undisputed that involuntary manslaughter is a lesser included offense of murder. The only issue before us is whether there was evidence to support its submission.

A person commits the offense of involuntary manslaughter when he recklessly causes the death of an individual. TEX. PENAL CODE ANN. § 19.05(a)(1) (Vernon 1974).

"Recklessly" is defined as follows:

(c) A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

TEX.PENAL CODE ANN. § 6.03(c) (Vernon 1974).

Appellant cites *Branham v. State*, 583 S.W.2d 782, 784 (Tex.Crim.App.1979), for the proposition that "when evidence from any source raises ... an issue of a lesser included offense ... the issue must be submitted to the jury." Evidence adduced at trial indicates the appellant entered the deceased's room and was standing approximately four feet away from the deceased when he shot him once with a .22 caliber rifle. In describing the manner in which appellant held the gun, a witness indicated that it was pointed at the deceased and that appellant was "shaking." A psychologist testified that at the time of the offense, appellant was suffering from paranoid schizophrenia, a psychotic thinking disturbance. As a result, the psychologist was of the opinion that appellant did not intend to kill the deceased. The psychologist stated, "I do not believe that he intended to kill the man. I think he wanted the man to go away.... I think he intended to either scare him or shoot him, but I don't think he intended to kill him." Appellant argues that in view of the small caliber of the weapon used, the shaking of the weapon, the fact that but one shot was fired, and the impaired mental status of appellant at the time of the offense, there is some evidence of record of the lack of intent to kill. Accordingly, appellant further argues, his lack of intent to kill should be considered as reckless conduct and warranted the submission of the requested instruction on involuntary manslaughter to the jury. We do not agree.

When we apply the definition of "recklessly" to the facts of this case, we find some evidence of the lesser and included offense of involuntary manslaughter. There was no evidence that defendant's conduct was only reckless as opposed to intentional or knowing.

 The only evidence that we have that appellant did not have the intent to kill is the testimony of a psychologist proffered by appellant in an attempt to prove his affirmative defense of insanity. Even if we were to find that the psychologist's testimony, unobjected to by the State, is probative evidence of lack of intent to kill and carried with it the implication of recklessness, we would still hold that he was not entitled to a charge on involuntary manslaughter. Merely because a lesser offense is included within the proof of a greater offense does not mandate the submission of a charge on the lesser offense. Appellant would be entitled to the charge only if the testimony showed that appellant, if guilty, is guilty only of the lesser offense. *McBrayer v. State*, 504 S.W.2d 445, 447 (Tex.Crim.App.1974), and cases cited therein. We conclude that while there may be evidence of recklessness, the testimony does not show that if appellant is guilty, he is guilty only of involuntary manslaughter. The trial court properly refused appellant's requested charge. Ground of error number one is overruled.

Further, there is no evidence of lack of knowledge. The indictment alleged the ap-

pellant "intentionally and knowingly" committed the offense of murder. The jury was charged to allow conviction upon a finding that appellant acted "intentionally or knowingly."

In ground of error number two the appellant contends that the trial court erred in denying his requested charge on the specific intent to kill. Prior to the reading of the charge to the jury, the appellant requested the court include therein an instruction on the element of specific intent to kill.

The appellant requested, in writing, the following instruction:

> You are further instructed that an intent to kill is an essential element of murder in this case. Therefore although you may believe from the evidence beyond a reasonable doubt that the defendant did kill Darrell Roseman by shooting him with a gun, yet, unless you further find and believe from the evidence beyond a reasonable doubt that in so doing the defendant then and there had the intent to kill the said Darrell Roseman, then you cannot convict him of murder; and if you do not so believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt as to the existence of such intent on the part of the defendant, then you will acquit him of murder, and consider whether he is guilty of aggravated assault.

Included among the instructions in the court's charge are the following:

### III.

> Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Charles Berlanga, did, in Bexar County, Texas, on or about the 4th day of December, 1983, intentionally or knowingly cause the death of an individual Darrell Roseman, by shooting the said Darrell Roseman with a gun, you will find the defendant guilty of murder as charged in the indictment.
>
> If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

Appellant argues that the requested instruction should have been given because he was charged with murder under TEX. PENAL CODE ANN. § 19.02(a)(1) (Vernon 1974), that is, intentionally or knowingly causing the death of an individual; as opposed to section 19.02(a)(2), intending to cause serious bodily injury and committing an act clearly dangerous to human life that causes the death of an individual. We agree with the State's contention that the instructions as given require the jury to find that the appellant intentionally or knowingly caused the death of the deceased. Both the requested charge and the charge submitted discuss the importance of the element of intent. The charge as given is substantially the same as the charge requested; therefore no harm has been shown. *Vidaurri v. State,* 626 S.W.2d 749, 750 (Tex.Crim.App.1981); *DeBolt v. State,* 604 S.W.2d 164, 168 (Tex.Crim.App.1980); *Kemper v. State,* 643 S.W.2d 758, 760 (Tex. App.—San Antonio 1982, no pet.). We hold the trial court properly refused the requested charge. Appellant's ground of error number two is overruled.

In his third ground of error, the appellant alleges the district court erred in admitting evidence of cause of death over his objection, that such evidence was hearsay and that the proper predicate for the business record exception had not been established. In support of his contention, the appellant points out that the prosecution called Dr. Dana to testify as to the cause of death of the deceased. She did not perform the autopsy, but testified from a written autopsy report which the State offered as Exhibit No. 17. The prosecution also offered a photograph of the decease purportedly taken at the morgue. The basis for the admission of the evidence was the business record exception to the hearsay rule. The court admitted the photograph but did not admit the autopsy report. Instead, Dr. Dana was permitted to testify as to the conclusion of the report, which she did by reading a portion of the report to the jury. Appellant argues that an autopsy report, whether read to the jury or

handed to them as an exhibit, is hearsay unless it falls within one of the generally recognized exceptions. Appellant cites this court to TEX.R.EVID. 803(6).[1] Appellant states that although Dr. Dana testified as to the elements of the business record exception, she did not establish that it was a regular business activity of that office to generate such a record as was here admitted.

The State responds that Dr. Dana testified that Dr. Vincent DiMaio was the chief medical examiner for Bexar County, and she was an assistant medical examiner. She testified that among her duties, she was the custodian of the records of the office of the medical examiner. Furthermore, Dr. Dana testified that included among the records of the medical examiner's office are the reports and records of autopsies performed by that office. In addition, Dr. Dana testified that the autopsy reports of the medical examiner's office are compiled at or near the time when the autopsy is performed by an individual who has personal knowledge of the events contained in the report. Finally, the doctor testified that the autopsy reports were maintained by the medical examiner's office in the regular course of business.

We hold that Dr. Dana's testimony was admissible as an exception to the rule against hearsay and that the proper predicate was established. *Burleson v. State*, 585 S.W.2d 711, 712–13 (Tex.Crim.App. 1979); *Moton v. State*, 540 S.W.2d 715, 716–17 (Tex.Crim.App.1976); *Mahaffey v. State*, 471 S.W.2d 801, 804 (Tex.Crim.App. 1971); *Cuevas v. State*, 456 S.W.2d 110, 111 (Tex.Crim.App.1970); *Burrell v. State*, 446 S.W.2d 323, 324 (Tex.Crim.App.1969); TEX.REV.CIV.STAT.ANN. art. 3737e (Vernon Supp.1985).

In ground of error number four, the appellant argues the district court erred in failing to declare a mistrial because of outbursts of spectators during argument of counsel. In support of his contention, appellant points out that during the argument of counsel to the jury, after both prosecution and defense had rested and immediately prior to jury deliberation, the proceedings of the court were twice interrupted by spectators. Appellant argues these outbursts were highly prejudicial to him and were apparently designed to influence the jury's deliberations. Appellant cites *Taylor v. State*, 420 S.W.2d 601 (Tex.Crim.App. 1967), for the proposition that the atmosphere essential to the preservation of a fair trial is the most fundamental of all freedoms and must be maintained at all costs. *Id.* at 607. He distinguishes this case from *Taylor* because in this case the statements were addressed to the jury and intentionally designed to influence their deliberations.

The first incident occurred during defense counsel's closing remarks when someone, identified only as a spectator, was quoted as saying, "I didn't [sic] believe he is saying that." Appellant's counsel voiced no objection to this remark; in the absence of a timely objection nothing is preserved for review. *Daniel v. State*, 668 S.W.2d 390, 393 (Tex.Crim.App.1984); *Cooper v. State*, 578 S.W.2d 401, 404 (Tex. Crim.App.1979); *Tapley v. State*, 673 S.W.2d 284, 289 (Tex.App.—San Antonio 1984, pet. ref'd).

The second incident occurred during the prosecutor's closing argument, when someone, again identified as only a spectator, was quoted as saying, "We are his parents if you would like know anything." The trial judge instructed the spectator to remain silent. Counsel for appellant then requested the trial judge to instruct the jury to disregard the comment; this requested instruction was promptly given. No further relief was requested by counsel for the appellant. Appellant received all the relief he requested, there was no error. *Loar v. State*, 627 S.W.2d 399, 400 (Tex. Crim.App.1981); *Ross v. State*, 496 S.W.2d

---

1. We note that the Texas Rules of Evidence have not been adopted by the Texas Court of Criminal Appeals for use in criminal cases. If they had been, we would hold that the State complied with the requirements of TEX.R.EVID. 803(6).

78, 79 (Tex.Crim.App.1973). Appellant's ground of error number four is overruled.

■ In his fifth ground of error appellant argues that the district court erred in overruling his objection to the admission of his confession on the basis that said confession was involuntary. In support of his contention appellant argues that he had been receiving continuing treatment for mental problems since he was nineteen years of age, that he was taking prescribed medication for the treatment of the mental condition, that he did not understand his rights as they were explained to him and that he signed the confession because he was afraid. Appellant refers us to the case of *Ballestero v. State*, 640 S.W.2d 423, 425 (Tex.App.—San Antonio 1982, no pet.), for the proposition that the defective mental state of the defendant may be sufficient to render a confession inadmissible. The State responds by pointing out that a *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), hearing was held pursuant to his motion to suppress. On the issue of the voluntariness of a confession, the trial court is the sole judge of the weight of the evidence and is free to believe or disbelieve all or any portion of any witness's testimony presented at the pretrial hearing. *Evans v. State*, 622 S.W.2d 866, 870 (Tex.Crim.App.1981); *Longoria v. State*, 507 S.W.2d 753, 755 (Tex.Crim.App. 1974).

At the motion to suppress hearing, the State offered the testimony of two officers from the San Antonio Police Department. Officer Denney testified that he responded to the scene of the offense on December 4, 1983. Upon arriving at the scene he was met at the front door by the appellant and his mother. Officer Denney asked if there had been a shooting at the location and the appellant answered that there had been. Officer Denney then inquired as to who had done the shooting and at this time appellant stated that he had. At that juncture the appellant was arrested and taken into custody.

The State also offered the testimony of officer Billy Ray Hook of the San Antonio Police Department, the detective dispatched to the scene at the request of the arresting officers. Officer Hook took the appellant into custody and transported him to the police station where the appellant was read his rights and officer Hook began the process of interrogation. Officer Hook testified that the appellant indicated that he understood his rights as they were explained to him. Officer Hook further testified that at no time was the appellant threatened; moreover, at no time was the appellant promised anything in exchange for his statement.

■ The appellant took the stand at the hearing on the motion to suppress and testified that at the time of the offense he was under a doctor's care and taking a medication identified as Stelazine. In addition, the appellant stated that at the time he gave the statement he did not really comprehend what was occurring. While the *Ballestero* opinion may hold that a defective mental state or emotional confusion and debilitation may call into question the voluntariness of a confession, it does not make such a finding mandatory. "Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence." *Rhode Island v. Innis*, 446 U.S. 291, 299–300, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297, 307 (1980) (quoting *Miranda v. Arizona*, 384 U.S. 436, 478, 86 S.Ct. 1602, 1680, 16 L.Ed.2d 694, 726 (1966)). We hold that the trial court did not abuse its discretion in finding that the statement was voluntarily made. The court's finding of voluntariness is supported by the record. Appellant's ground of error number five is overruled.

Accordingly, the judgment of conviction is affirmed.