**William Marion CARR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–86–00343–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 5, 1987.

Craig A. Washington, Houston, for appellant.

John B. Holmes, Dist. Atty., Frances Northcutt and Ira Lee Jones, II, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

The jury rejected appellant's not guilty plea to murder and assessed punishment at confinement for life. The only issues on appeal concern the admissibility of evidence. We affirm.

The record reveals that on April 8, 1982, appellant killed his wife by stabbing her with a knife and hitting her with a pickax. Of the thirteen major wounds in her body, it appeared nine were inflicted with a knife and four with a pickax. Six neighbors and the deceased's eleven year old daughter witnessed the appellant inflict several wounds after the deceased was lying on the ground outside her home. The record also reveals that over a period of approximately four years the trial court granted a dozen continuances to appellant prior to the case finally proceeding to trial on April 14, 1986.

In his first and second points of error appellant contends the court erred in admitting a portion of the police officer's offense report which contained summaries of what six witnesses, five of whom did not testify at trial, observed. A brief review of the unorthodox manner in which this occurred is in order. The next door neighbor, Annie McGowan (McGowan), testified that as a result of hearing the screams of the deceased's eleven year old daughter she looked out her window and observed appellant standing over the deceased holding "a pickax up in the air." She ran out the front of her house and observed appellant strike the deceased with the pickax. During cross-examination McGowan denied that she told a police officer that she looked out her window and saw appellant strike the deceased with the pickax. The investigating officers did not take a written statement from McGowan, but one of the officers (who was not available at trial to testify) wrote in his offense report that McGowan looked out her window in time to see appellant strike the deceased with the pickax. Appellant's counsel sought to impeach McGowan with the statement attributed to her in the offense report. The state's attorney initially objected, but withdrew his objection and appellant's counsel read that portion of the offense report to the jury. Then, over appellant's objection, the prosecutor, on the theory of optional completeness, offered into evidence that complete page of the offense report, which read:

Juanita Butler, black female, 7221 England. This witness lives directly across the street from where the offense occurred. She stated that she heard the complainant screaming and went out to see what was going on. They saw the complainant lying on the ground and the suspect on top of her. At first she thought he was just hitting her until she saw the knife. The daughter of the complainant was trying to pull the suspect off her mother. This witness went next door and called the police. She does not have a phone at home. When she came back out, she saw the suspect hitting the complainant with a pickax.

Robert Simmons, black male, thirteen and Andrew Simmons, black male, 8, 5007 Lingonberry, 734–3581. These two witnesses are brothers. They were across the street from where this offense occurred and they saw the suspect stab the complainant and hit her with a pickax.

John Evans, black male, ten, 7225 England, 747–0723. This witness was with the Simmons brothers and saw the suspect stab and hit the complainant with a pickax.

Annie McGowan, black female, 7222 England. This witness lives next door to where this offense occurred. She lives there with her daughter. She heard the complainant screaming and looked out her bedroom window in time to see the suspect hit the complainant with a pickax. She knows the suspect and the complainant.

Stephanie McGowan, black female, 7222 England, 741–0498. This witness lives next door to where the offense occurred. She lives with her mother. She heard the complainant screaming and looked out her bedroom window in time to see the suspect hit the complainant with a pickax. This witness then went to the phone and called the police. She then went outside with her mother and looked at the complainant. The suspect went in the house and came out with a sheet. He covered the complainant completely up.

None of these witnesses, except McGowan, testified at trial. Appellant argues in his first point of error that Tex.Code Crim. Proc.Ann. art. 38.24 (Vernon 1979) did not authorize the state to introduce into evidence the "separate conversations by separate witnesses." In his second point of error he argues that the admission of such evidence violated his sixth amendment right to confront and cross-examine witnesses.

■ At trial, the state based its support for the admissibility of the remainder of that page of the offense report on *Ballestero v. State,* 640 S.W.2d 423 (Tex.App.—San Antonio 1982, no pet.). However, that case does not sustain the action of the court in the case before us. Even though the prosecutor withdrew his objection to appellant reading the unsworn statement allegedly made by McGowan, the court should not have permitted such unauthorized impeachment. Despite this action the state was not authorized to introduce the remainder of that page of the offense report and trial court erred in admitting it into evidence. Although art. 38.24 of the Code of Criminal Procedure authorizes the other party to introduce into evidence "the whole on the same subject" after one party has introduced a portion thereof, we believe the clear intent of the statute is to provide the fact finder with the total picture of the disputed issue. Here, it cannot be seriously contended that the fact five other witnesses observed appellant stabbing the deceased with a knife and hitting her with a pickax had any bearing on whether McGowan observed appellant striking the deceased with a pickax from her window or whether she only saw him holding the pickax in the air from her window and observed the striking with the pickax only after she went outside her house. This error, however, does not call for a reversal of this conviction.

■ It is a well settled rule when the accused in a criminal case offers before the jury the same evidence as that to which he objected, or the same evidence is introduced from another source, he is in no position to complain on appeal. *Withers v. State,* 642 S.W.2d 486 (Tex.Crim.App.1982). The deceased's daughter, who was eleven years old at the time of the offense, testified in detail that appellant was on top of the deceased stabbing her mother with a knife; that twice she attempted to pull appellant off the deceased, but that appellant knocked her back each time; that she ran back into the house to summon help by telephone and that when she came back outside appellant appeared to be striking the deceased with the pickax. McGowan testified that after she ran outside her house she saw appellant hit the deceased with a pickax. Appellant, testifying in his own behalf, admitted stabbing his wife several times with a knife and then hitting her with the pickax while she was on the ground. The complained-of statements allegedly made by the non-testifying witnesses echo appellant's own testimony. There is not a single fact recited in any of the unsworn summaries that was not testified to by appellant. We hold appellant is in no position to complain; therefore, appellant's first and second points of error are overruled.

In his third point of error appellant contends the court erred in admitting the testimony of three witnesses concerning extraneous offenses. We do not agree.

■ After the defense had rested, the prosecutor called two sisters and the daughter of the deceased as rebuttal witnesses. One of the sisters testified before the jury that she had observed appellant physically assault the deceased. However, at trial appellant did not object to this

testimony, therefore, nothing is preserved for review. The other sister testified in the absence of the jury that appellant caused the deceased to lose her job. This testimony was never introduced before the jury. Obviously, no error is shown here. Finally, the deceased's daughter testified that she was awakened late one night by appellant who was crawling on the floor next to her bed with his pants unzipped. Appellant offered no objection to this testimony until the state passed the witness for cross-examination. Failure to timely object waived any alleged error. Tex.R.App.P. 52(a). Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.