**Herman ALLEN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 540–91.

Court of Criminal Appeals of Texas, En Banc.

Jan. 27, 1993.

John M. Barron, Jr., Bryan, for appellant.

Bill Turner, Dist. Atty., and Nancy L. Hildebrand, Asst. Dist. Atty., Bryan, Robert Huttash, State's Atty., Austin, for State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of possession of a controlled substance, to-wit, cocaine. TEX.HEALTH & SAFETY CODE ANN. § 481.115. The jury also sentenced appellant to twelve years confinement in the Texas Department of Criminal Justice—Institutional Division. On direct appeal, appellant raised one point of error contending the trial court erred in permitting the jury to frame questions for a witness over his objection. The court of appeals overruled this point and affirmed the conviction in a published opinion. *Allen v. State*, 807 S.W.2d 639 (Tex.App.—Houston [14th Dist.] 1991). We granted appellant's petition to determine whether the court of appeals erred in holding the trial did not abuse his discretion in allowing such questioning.

Since granting appellant's opinion, we have decided the question presented herein. In *Morrison v. State*, 845 S.W.2d 882, this Court reviewed a situation similar to the present case and concluded that "[a] change in our [trial] system involving intrusion of one component into the function of another may only be established through the limited rule making authority of this court, subject to disapproval by the legislature or by the legislature in accordance with due process." At 888–89 (Tex.Crim. App.1992). Allowing juror questioning of witnesses in the criminal setting is, therefore, impermissible, and any excursion into this area is error not subject to a harm analysis. *Id.*

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for actions not inconsistent with this opinion.