Finis **WILSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 10–91–037–CR, 10–91–038– CR and 10–91–039–CR.

Court of Appeals of Texas, Waco.

July 7, 1993.

Bruno A. Shimek, Bryan, for appellant.

Bill R. Turner, Dist. Atty., Margaret Lalk, Ass't Dist. Atty., Bryan, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION ON REMAND

PER CURIAM.

On original submission we affirmed Finis Wilson's convictions for two counts of aggravated robbery, one count of attempted aggravated robbery, and one count of rob-

bery.[1]  The Court of Criminal Appeals granted Wilson's petitions for discretionary review to decide whether we erred in holding that the trial court did not abuse its discretion in allowing the jurors to submit written questions to the trial court.  Subsequently, a majority of the Court of Criminal Appeals in *Morrison v. State* held that the practice of allowing jurors to ask questions of witnesses is error.[2]  As a result, they vacated the judgment of this court in *Wilson* and remanded the case to us for reconsideration in light of their opinion in *Morrison*.[3]

In *Morrison* the Court of Criminal Appeals held that "the practice of permitting jurors to become active participants in the solicitation of evidence by questioning witnesses is not subject to a harm analysis." [4] Consequently, we sustain point of error two in cause no. 19,786–272, point of error three in cause no. 19,789–272, and point of error one in cause no. 19,933–272.

We reverse the judgments and remand the causes for a new trial.

---

**1.**  *Wilson v. State,* 823 S.W.2d 777, 781–82 (Tex. App.—Waco 1992) (holding that the trial court did not abuse its discretion in allowing the jury to ask questions of the witnesses) (citing *Morrison v. State,* 815 S.W.2d 766, 767–69 (Tex.App.—Waco 1991) (declining to ban the practice of allowing jurors to ask questions, but holding that "the inherent danger that the state will use a juror's question to gain an unfair advantage in the presentation of its case requires the closest scrutiny of the trial court's discretion whenever it allows jurors to pose questions to witnesses.")).

**2.**  845 S.W.2d 882, 889 (Tex.Crim.App.1992).

**3.**  *Wilson v. State,* 845 S.W.2d 908, 908–09 (Tex. Crim.App.1993).

**4.**  *See Morrison,* 845 S.W.2d at 889.  Although Judge Miller's concurring opinion in *Morrison* does not clearly indicate whether he joined the majority on "the harm analysis question" or merely on "the issue concerning the practice of allowing juror questions," his subsequent opinion in *Allen v. State,* 845 S.W.2d 907, 907 (Tex. Crim.App.1993), removes any ambiguity that might have existed with regard to the scope of the court's holding in *Morrison.*  We note that in *Allen,* however, the Court of Criminal Appeals remanded the case to the trial court rather than the court of appeals, as it did in this case.