**Ruben GUAJARDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–91–01039–CR, 01–91–01051–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 3, 1994.

Discretionary Review Refused
May 18, 1994.

David Alan Disher, La Marque, for appellant.

Michael J. Guarin, B. Warren Goodson, Jr., Galveston, for appellee.

Before OLIVER–PARROTT, C.J., and WILSON and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

A jury convicted Ruben Guajardo, the appellant, of burglary of a habitation and felony escape. The trial court assessed punishment, enhanced by four earlier felonies, at 45–years imprisonment on the burglary charge, and 25–years imprisonment for escape. The sentences are consecutive. We affirm.

On April 29, 1991, a homeowner who was fed up with an earlier burglary, surprised the appellant as he tried to break into his house, and hit him in the back with a garden hoe. The appellant ran and the homeowner gave chase, but lost him. Later, when the appellant was arrested during a family disturbance, the police noticed the puncture wounds in his back. He was identified by the homeowner from a photo lineup. While the appellant was in custody on the burglary of a habitation charge, he escaped from the Texas City police department jail by squeezing through a crawl space in the shower. He was arrested a short time later. The charges of burglary and escape were consolidated for trial.

The appellant has four previous burglary of a habitation convictions, five burglary of a building with intent to commit theft convictions, one grand theft conviction, and a battery of a police officer conviction.

### Juror Question

In his sole point of error, the appellant argues the trial court erred by permitting a juror to question a prosecution witness.

A juror blurted out a question during the State's examination of Richard Delaney, formerly a detective with Texas City. It happened as Delaney was showing a photograph of the appellant's back wounds.

Officer: This is another photograph, close-up view of the puncture wounds. And you see this little device here is just to represent measure—to show you basically the size of the wounds—

**Juror: What is that?**

Officer: It's just a little—I can't tell you what size it is. The medical examiner put it there. This measures how big it is, but the little piece of plastic tape is just a reference of measurement as to how big the wounds are and to show you what size.

State: State's exhibit no. 16?

Officer: This is a photograph of the wounds to more (sic) the left side of the body showing the angle.

State: Thank you, detective. You may sit down.

Defense: May we approach the bench, Your Honor?

Court: Yes.

(Whereupon, the following proceedings occurred at the bench out of the hearing of the jury.)

**Defense: At this time I want to make a record of my objection to the dialogue between the witness and the juror as being improper.**

Court: What dialogue was this?

Defense: The juror was asking the witness questions, and the witness answered that question.

Court: Did you hear it?

State: No.

Court: Did you make a record of it?

Court reporter: Yes. The juror said, "what is that?"

Court: I'm going to overrule your objection. I think it's harmless.

Defense: I move for a mistrial.

Court: The motion is overruled.

(Emphasis added.)

The State contends the error was not preserved for our review because the appellant did not object timely. We agree. The appellant did not object until after the officer answered the juror's question and another question from the State. An objection must be urged at the earliest opportunity to preserve the right to review. *Polk v. State,* 729 S.W.2d 749, 753 (Tex.Crim.App.1987); *Duenez v. State,* 735 S.W.2d 563, 565 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd) Objections made after questions are answered do not preserve error for appeal. *See Polk,* 729 S.W.2d at 753.

The San Antonio Court of Appeals faced a similar issue in *Berlanga v. State,* 696 S.W.2d 425 (Tex.App.—San Antonio 1985, no pet.). The *Berlanga* case involved a spectator who shouted out, "I didn't [sic] believe he is saying that," during the defense counsel's closing remarks. *Berlanga,* 696 S.W.2d at 429. In *Berlanga,* the defendant's counsel did not object, and the court held without a timely objection, the defendant did not preserve the error. We believe the same analysis applies here.

In each of the three cases cited by the appellant, *Morrison v. State,* 815 S.W.2d 766

1. In *Morrison,* a juror submitted a question for a witness, the appellant objected at that point, and it was sustained. Later, the trial court allowed the State to recall the same witness, over objection, to question him regarding the same topic. *See Morrison v. State,* 815 S.W.2d 766, 769 (Tex. App.—Waco 1991). The Court of Criminal Appeals held the juror's question led to reversible error. The court also held the practice of allowing jurors to question witnesses is not subject to a harm analysis.

2. In *Buchanan,* the Court of Criminal Appeals remanded the case back to the Fourteenth Court of Appeals for reconsideration in light of its holding in *Morrison.* At the trial court in *Buchanan,*

(Tex.App.—Waco 1991), *aff'd,* 845 S.W.2d 882 (Tex.Crim.App.1992)[1], *Buchanan v. State,* 807 S.W.2d 644 (Tex.App.—Houston [14th Dist.] 1991), *reversed,* 846 S.W.2d 853 (Tex. Crim.App.1993),[2] and *Allen v. State,* 807 S.W.2d 639 (Tex.App.—Houston [14th Dist.] 1991), *reversed,* 845 S.W.2d 907 (Tex.Crim. App.1993),[3] the defendant made a timely objection to a procedure adopted by the court that permitted the jury to submit written questions to be reviewed and answered by the witnesses. Here, the appellant did not make a timely objection, and the case involved only one spontaneous question from a juror.

We overrule point of error one.

the appellant objected to the process of allowing jurors to submit questions to witnesses, but the objection was overruled, and the court of appeals affirmed. *See Buchanan,* 807 S.W.2d at 645.

3. The Court of Criminal Appeals in *Allen* reversed, holding the *Morrison* decision controls. In *Allen,* the trial court permitted the jury to frame questions for a witness over the appellant's objection. *See Allen,* 807 S.W.2d at 639. The appellant also cites *Nichols v. State,* 845 S.W.2d 908 (Tex.Crim.App.1993) and *Ford v. State,* 846 S.W.2d 850 (Tex.Crim.App.1993) for the same propositions, and we apply the same analysis.