Opinion issued June 9, 2005












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00718-CR




ENRIQUE MAGALLON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 976178




MEMORANDUM OPINION

          Appellant, Enrique Magallon, was charged by indictment with delivery of a
controlled substance, namely cocaine weighing at least 400 grams. See Tex. Health
& Safety Code Ann. § 481.112 (Vernon 2003). Appellant pleaded not guilty. A
jury convicted him and assessed punishment at 40 years’ confinement with a $1.00
fine. 
          In two issues, appellant contends that his conviction should be set aside and a
new trial ordered because (1) the trial court erred in admitting testimony concerning
appellant’s citizenship status and (2) appellant’s counsel was ineffective. 
          We affirm. 
Facts
          On February 2, 2003, Harris County narcotics officers Craig Full and Richard
Fernandez met with appellant’s brother, Ignacio Magallon, and a paid informant to
arrange a purchase of 10 kilograms of cocaine. After the meeting, police surveillance
followed Ignacio to a body shop, where Ignacio was seen meeting with appellant.
Ignacio and appellant then drove in a green van to a laundromat, where the
transaction was to take place. Full and Fernandez arrived to find Ignacio and
appellant in the parking lot. Fernandez approached appellant, asked if appellant had
the cocaine, and asked if he could see it. Appellant walked Fernandez to the van,
opened the door, pulled out a duffel bag, and unzipped it. Inside the duffel bag were
several small bags of cocaine. Immediately thereafter, officers arrested appellant and
Ignacio. A Houston Police Department chemist identified the substance recovered
as 8.7 kilograms of powder-form cocaine. 
Citizenship Status
          In his first issue, appellant contends the trial court erred in overruling
appellant’s objection to “a question” concerning his citizenship status asked during
cross-examination of appellant. Appellant raises two bases on appeal: (1) relevance
and (2) the impropriety of indirectly raising national origin. Specifically, appellant
complains of the emphasized portions of the following colloquy: 
          [State]:                             Where are you from, sir?
 
          [Defense Counsel]:          Objection, relevance, Your Honor. Have [sic] no
relevance. 
 
THE COURT:Overruled.
 
          [Appellant]:                     I’m from Reynosa, Tamaulipas.
 
          [State]:                             Is that in Mexico? 
 
          [Appellant]:                     Yes.
 
          [State]:                             When did you move to the United States? 
 
          [Appellant]:                     1977.
 
          [State]:                             So you’ve lived here since 1977, which is
approximately going on 30 years?
 
          [Appellant]:                     Well, I have come over, I have come back to
Mexico, you know, back and forth. I be [sic] living
here for over 20 years, you know, something like
that, more or less.
 
          [State]:                             So you’ve lived here for over 20 years, correct?
 
[Appellant]:Yes, more or less.
 
          [State]:                             Are you a citizen of the United States?
 
          [Appellant]:                     No.
 
          [Defense Counsel]:          Objection, Your Honor. No relevance to the case
whatsoever whether he was a citizen or not.
 
          THE COURT:                 It’s overruled.
 
          [Appellant]:                     No, I have a working permit.
 
          [State]:                             So then you are not a citizen?
 
          [Defense Counsel]:          Objection, asked and answered.
 
          THE COURT:                 Overruled.
 
          [Defense Counsel]:          Thank you, Your Honor.
 
          [Appellant]:                     No.
 
          [State]:                             Mr. Magallon, did you notice that you began
answering my question a moment ago before the
translator had even begun translating it, so you
obviously understand some English?
 
          [Appellant]:                     No. I don’t understand English. I don’t understand
English. One of the few words [sic], I do.
          Appellant contends that his objections should have been sustained because
appellant’s citizenship status was not relevant to a determination of guilt and
constituted constitutional error. Further, appellant contends that he was harmed by
this line of questioning because, when taken in the context of the current climate
concerning “the war on drugs, the war on illegal immigration, and the war on
terrorism,” showing that the defendant is not a United States citizen was “calculated
to arouse prejudices, such as those based on race or national origin.” Appellant
postulates that the questioning infected the deliberations and increased the
willingness of the jury to return a conviction. Appellant contends that, although the
State did not emphasize the citizenship aspect at any other point in the trial, the
collateral effects of this line of questioning were sufficient to rise to harmful error. 
          Appellant, who testified through an interpreter at trial, maintains that he does
not understand more than a few words in the English language and, due to the
language barrier, he could not have knowingly participated in the delivery of cocaine
to Officer Fernandez. The State contends that appellant does indeed understand 
English and, therefore, he did knowingly participate in the transaction. The State
asserts that it asked appellant about his citizenship status in an attempt to impeach
appellant by showing that he has lived in the United States for over 20 years and
understands English more than he led the jury to believe.
A.      Waiver
          The State contends that appellant failed to timely object to the questioning
concerning his citizenship at trial and therefore failed to preserve error. The rules
require that, in order to preserve a complaint for appellate review, there must have
been a timely objection to the trial court, specifically stating the grounds for the
objection, and a ruling obtained. Tex. R. App. P. 33.1. The record shows that
appellant entered an objection to relevance in response to questioning concerning
appellant’s citizenship. 
          When the State first asked appellant, “Are you a citizen of the United States?”
defense counsel did not enter its objection before appellant replied, “No.” Generally,
in a jury trial, objections made after questions are answered do not preserve error for
appeal. Polk v. State, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987); Guajardo v.
State, 870 S.W.2d 667, 668–69 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). It
is incumbent upon a party to object, if he can, before the harm is done. Polk, 729
S.W.2d at 755. Here, however, defense counsel maintains that he objected as soon
as possible. The record shows that appellant responded to the objectionable question
with a single word, “No.” It also appears from the prosecutor’s comment that
appellant answered before the translator had even begun translating, indicating that
defense counsel did not have time to interpose an objection before appellant
answered. Once defense counsel immediately objected, the objection was overruled. 
          The purposes of the rule that an objection must be timely are (1) to apprise the
trial court and opposing counsel of the issue taken at a time when it can still be
addressed and (2) to prevent counsel from “gambling that the answer to a question
calling for objectionable matter will be favorable, and then objecting when it proves
not to be.” Id. at 753–54. Here, the slight delay in objecting after the single-word
answer was uttered, before waiting for the translator to translate, sufficiently apprised
the court that defense counsel took issue with the questioning and does not appear to
involve any lying in wait. See id. at 755. Accordingly, we conclude that error as to
relevance was preserved.
          Nevertheless, as to appellant’s contention raised on appeal that such questions
concerning his citizenship were akin to inquiring about his national origin and were
thus prejudicial, we find that appellant has waived such contention. Appellant never
objected on this basis in the trial court. Under Rule 33.1, an appellant may not assert
an error that he failed to raise in the trial court. Tex. R. App. P. 33.1(a). Even
constitutional errors may be waived by failure to object. Broxton v. State, 909
S.W.2d 912, 918 (Tex. Crim. App. 1995).
B.      Relevance
          We consider appellant’s contention that the testimony concerning his
citizenship status was inadmissible because it was irrelevant to a determination of his
guilt. 
          Whether evidence is admissible is a question for the trial court to resolve. 
Moyer v. State, 948 S.W.2d 525, 528 (Tex. App.—Fort Worth 1997, pet. ref’d). We
allow the trial court broad discretion concerning the admissibility of evidence and
will only reverse upon a showing of a clear abuse of discretion. Williams v. State,
535 S.W.2d 637, 639–40 (Tex. Crim. App. 1976); Spradlin v. State, 100 S.W.3d 372,
381 (Tex. App.—Houston [1st Dist.] 2002, no pet.). An abuse of discretion occurs
when a trial court’s decision lies outside the zone of reasonable disagreement. 
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). In determining
whether a trial court has abused its discretion, we consider whether the court acted
arbitrarily or unreasonably, or without reference to guiding rules or principles. Id. at
380.
          “‘Relevant evidence’” means evidence having any tendency to make the
existence of any fact that is of consequence to the determination of the action more
probable or less probable than it would be without the evidence.” Tex. R. Evid. 401. 
           The evidence shows that appellant maintains that he does not understand the
English language. The State asserts that it asked appellant about his citizenship status
in an attempt to impeach appellant by showing that he has lived in the United States
for over 20 years and understands English more than he led the jury to believe. 
          The Court of Criminal Appeals has held that “[c]learly, language ability does
not equal national origin or race.” Flores v. State, 904 S.W.2d 129, 130 (Tex. Crim.
App. 1995). The rationale is that a person is free to choose the language he or she
speaks. Id. While national origin and alienage are distinct concepts,


 the rationale
that a person can be a citizen of a particular country and yet choose to speak a foreign
language clearly applies. However, in order to become a citizen of the United States,
one must demonstrate the ability to read, write, and speak the English language. 8
U.S.C. § 1423(a)(1) (1998). Hence, United States citizenship status is relevant to an
objective determination of the ability to understand English because, if it can be
established that a person is a United States citizen, it is more probable that he knows
the English language. Indeed, the context of the citizenship question surrounded
appellant’s ability to understand English. Within such context, the State pointed out
that appellant was answering questions before the interpreter had a chance to rephrase
them in Spanish.
          We hold that the trial court did not abuse its discretion in overruling appellant’s
objection to the testimony based on relevance.
          Appellant’s first issue is overruled.
Ineffective Assistance of Counsel
          In his second issue, appellant contends that he was denied a fair trial due to the
conduct of his counsel. Appellant urges the following:
          1.       Trial counsel failed to object to inadmissible hearsay introduced by the
State that implicated appellant as the source of the cocaine. 
          2.       Trial counsel permitted the State’s witnesses to speculate and give
improper opinion evidence throughout trial. Counsel did not object
when Officer Richard Fernandez speculated regarding the trust
relationship between the informant and appellant’s brother, Ignacio
Magallon. In addition, counsel “improperly objected and allowed
evidence that constituted hearsay speculation and improper expert
testimony suggesting appellant was the source of and ‘in control’ of the
cocaine.”
          3.       Trial counsel failed to object when Officer Full “offered improper expert
testimony, hearsay, and speculation regarding significant legal issues.” 
Appellant apparently complains that Officer Full was allowed to testify
that, in his opinion, appellant “owned” and “controlled” the cocaine.
          4.       Counsel elicited testimony from state witnesses that constituted de facto
expert opinions on legal conclusions. Counsel asked an open ended
question that allowed Fernandez to “confidently conclude” that
appellant offered to sell him cocaine. Counsel also asked a question that
presupposed that someone who drives a vehicle is presumed to know its
contents.
          5.       Trial counsel failed to secure the presence of the confidential police
informant at trial.
          6.       Trial counsel erred in calling police witness, Officer Full, concerning the
absence of the informant because Full established the credibility of the
informant and explained his absence. 
          7.       Trial counsel asked Fernandez whether co-defendant, Ignacio Magallon,
had pled guilty in the case.
          8.       Trial counsel allowed co-defendant, Ignacio Magallon, to testify.
          9.       At the punishment phase of trial, trial counsel failed to prepare appellant
and a family member as witnesses because the testimony appeared
inconsistent, demonstrated a lack of remorse, and suggested that the
“whole family is involved with drugs.”
A.      Standard of Review
          Appellant was entitled to reasonably effective assistance of counsel. U.S.
Const. amend. VI; Tex. Const. art. I, § 10. In considering whether counsel’s
assistance was so defective that a reversal of the conviction is warranted, we follow
the federal standard enunciated in Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984). Hernandez v. State, 988 S.W.2d 770, 770 n.3 (Tex. Crim.
App. 1999). Under the Strickland standard, we determine (1) whether counsel’s
performance was deficient and (2) whether, but for counsel’s deficient performance,
the result of the proceeding would have been different. Hernandez, 988 S.W.2d at
770 n.3. The Strickland standard applies to both guilt and punishment phases. Id. at
772.
           To prevail, appellant must show ineffective assistance by a preponderance of
the evidence. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In
addition, appellant must overcome the “strong presumption that counsel’s conduct
falls within the wide range of reasonable professional assistance” or might reasonably
be considered sound trial strategy. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.
          As the reviewing court, we consider the adequacy of assistance as viewed at
the time of trial, not through hindsight. Hawkins v. State, 660 S.W.2d 65, 75 (Tex.
Crim. App. 1983). We cannot speculate as to the reasons why trial counsel behaved
as he did; rather, we must be highly deferential and presume that counsel’s actions
fell within the wide range of reasonable and professional assistance. See Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The Court of Criminal Appeals
has held that, normally, trial counsel should be given an opportunity to explain his
actions before being denounced as ineffective. Rylander v. State, 101 S.W.3d 107,
110 (Tex. Crim. App. 2003). Otherwise, “the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel’s actions.” Id. at
110–11 (quoting Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001)).
B.      Analysis
          As to the first prong of the Strickland standard, appellant must show errors
“firmly founded in the record” to support his claim of deficient performance. 
Thompson, 9 S.W.3d at 813. The State argues that appellant did not bring forth an
adequate record to allow us to address these complaints. 
          First, we note that appellant raises several claims (enumerated above as errors
1–4) by stating his contentions in conclusory terms and by generally referring to
conversations in the record by volume and, at times, multiple page numbers. Some
of the record references are apparently in error as they do not appear to correlate to
the discussion in the brief.


 The Court of Criminal Appeals has held that mere
reference to a page number in the record does not sufficiently identify complained of
testimony and will not constitute a ground of error. Thiel v. State, 676 S.W.2d 593,
595 (Tex. Crim. App. 1984); Alexander v. State, 458 S.W.2d 656, 657–58 (Tex. Crim.
App. 1970).
          Appellant does advance an apparent contention (enumerated above as error 6)
that trial counsel was ineffective because he failed to capitalize on the State’s failure
to produce the confidential informant at trial. Appellant argues that his trial counsel
erred in deciding to call Officer Full as a witness and asking him about the failure to
produce the informant. Appellant claims he was harmed because the tactic
“backfired” in that Full ended up bolstering the credibility of the informant and
explaining away his absence. However, appellant fails to cite any specific testimony. 
Further, appellant argues in his brief as to what he believes the informant would have
said and asserts a strategy that, he believes, would have been more prudent. Again,
we cannot consider the adequacy of assistance through speculation or hindsight. 
Hawkins, 660 S.W.2d at 75. 
          We conclude that, even if any of these claims (including error 9) may
reasonably raise questions as to the wisdom and rationale for certain trial preparations
or strategic decisions, the record is silent as to trial counsel’s strategy and thus too
underdeveloped to discern. See Rylander, 101 S.W.3d at 110–11; Thompson, 9
S.W.3d at 814.
          As to the errors enumerated above as 5, 7, and 8, we conclude that appellant
cannot show the requisite prejudice under the second prong of Strickland. Under the
second prong of Strickland, we consider whether, but for counsel’s deficient
performance, the result of the proceeding would have been different. Hernandez, 988
S.W.2d at 770 n.3. The Court of Criminal Appeals has held that the failure to make
a showing under either of the required prongs of Strickland defeats a claim for
ineffective assistance of counsel. Rylander, 101 S.W.3d at 110–11. When appellant
fails to meet the prejudice prong, the reviewing court need not address the question
of counsel’s performance on these points. Boyd v. State, 811 S.W.2d 105, 109 (Tex.
Crim. App. 1991). 
          The evidence shows that both Fernandez and Full testified as to appellant’s role
in the transaction. Hence, appellant cannot show that a failure to bring in the
informant or having “allowed” Ignacio’s testimony, or the circumstances surrounding
his plea, resulted in prejudice to appellant. The informant and Ignacio were not the
sole sources of evidence that could have resulted in appellant’s conviction. 
          We conclude that appellant has not met his burden to show ineffective
assistance of counsel by a preponderance of the evidence. See Thompson, 9 S.W.3d
at 813. Accordingly, appellant’s second issue is overruled.
 
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.





                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Taft, Alcala, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).