

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-19-00298-CV**

**IN THE INTEREST OF J.T., A CHILD**

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court No. 18-000250-CV-272**

**O P I N I O N**

Margaret T. appeals from a judgment that terminated her parental rights to her child, J.T. TEX. FAM. CODE ANN. § 161.001(b). In this proceeding, Margaret complains that the trial court erroneously utilized a procedure to allow jurors to ask whatever questions they had for each witness after the parties had concluded their questioning of the witness. The same trial court judge that presided over this proceeding was told over 25 years ago that this very process was improper in a criminal trial by the highest court

in this state in criminal law matters, thus constituting reversible error. *Morrison v. State*, 845 S.W.2d 882 (Tex. Crim. App. 1992).[1] We reverse and remand.

We perceive of no distinction in the law, as to this issue, between civil and criminal jury trials, especially in a proceeding involving the termination of parental rights because of the fundamental liberty interest and heightened standards of evidence and review required in proceedings of this nature. *See, generally, Santosky v. Kramer*, 455 U.S. 745, 753-54, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982) (recognizing the fundamental liberty interest a parent has in his or her child and concluding that the state must provide a parent with fundamentally fair procedures, including a heightened evidentiary standard, when seeking to terminate parental rights). There is little precedent on the issue of juror questions in this state. Two courts of appeals have addressed this issue in civil proceedings over twenty years ago and found that allowing questions by jurors did not constitute fundamental error, in large part because the process was not objected to by the parties at trial. *See Fazzino v. Guido*, 836 S.W.2d 271, 275-76 (Tex. App.—Houston [1st] 1992, writ denied) (decided prior to *Morrison*); *Hudson v. Markum*, 948 S.W.2d 1, 2-3 (Tex. App.—Dallas 1997, writ denied) (decided after *Morrison* and rejected the analysis in *Morrison* "[b]ecause Morrison objected, and because considerations are different in the

---

[1] Shortly after its decision in *Morrison,* the Court of Criminal Appeals also reversed the same trial court judge in four other convictions stemming from similar complaints on the issue of juror questions. *See Allen v. State*, 845 S.W.2d 907 (Tex. Crim. App. 1993); *Wilson v. State*, 845 S.W.2d 908 (Tex. Crim. App. 1993); *Nichols v. State*, 845 S.W.2d 908 (Tex. Crim. App. 1993); *Buchanan v. State*, 846 S.W.2d 853 (Tex. Crim. App. 1993).

criminal context…").  In this proceeding, both Margaret and the Department objected in writing prior to the trial and throughout the proceedings.  The trial court denied the written motions and overruled the objections during the trial.  The trial court granted a running objection to the allowance of juror questions to Margaret and the Department as well.

Nevertheless, to the extent there may be a difference in civil and criminal law on the issue, we agree with the rationale and holding of the Court of Criminal Appeals in *Morrison* and apply it to the facts of this proceeding and hold that it was error to allow the jury to ask questions of the witnesses.  Moreover, allowing the jury to do so probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to this Court.  TEX. R. APP. P. 44.1(a).  This is in part because, from all of the questions tendered by the jurors, there were over 165 of the jurors' questions actually allowed and asked by the trial court to the witnesses, and it is impractical, if not impossible, to isolate in the record the impact of the evidence received in response to those questions and determine what, if any, impact it had on the judgment. We do not intend to imply that fewer questions would necessarily be harmless, but hold that on this record, the manner in which the trial was conducted significantly impaired Margaret's ability to present the issue on appeal and show its impact on the judgment. TEX. R. APP. P. 44.1(a).

Margaret's first issue is sustained. The trial court's judgment is reversed and this proceeding is remanded for a new trial to be commenced on a date not later than 180 days after this Court remands this proceeding to the trial court. TEX. FAM. CODE ANN. § 263.401(b-1)(1)(B).

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis*, and
    Justice Neill
Reversed and remanded
Opinion delivered and filed December 18, 2019
[CV06]
(*Justice Davis concurs with the following note: I agree with the result of this Opinion and the Judgment. However, I state that the historical narrative of the Opinion pertaining to the trial court's prior rulings is both excessive and unnecessary.)

