## L. D. KRAUSE v. STATE.
No. A-10062.   Dec. 9, 1942.
(132 P. 2d 179.)

382

Geo. C. Crump and H. W. Carver, both of Wewoka, A. L. Deaton, Jr., of Tulsa, and W. A. Billingsley, of Wewoka, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, L. D. Krause, was charged by indictment presented and filed in the superior court of Seminole county with the crime of embezzlement, was tried, convicted and sentenced to serve one year in the State Penitentiary and pay a fine of $100 and costs, and has appealed.

The charging part of the indictment is as follows:

"* * * in said Seminole County, and State of Oklahoma, on the 11th day of May in the year of our Lord One Thousand Nine Hundred and Thirty-Eight and prior to the findings of this indictment the defendant, L. D. Krause, then and there being, did then and there willfully, unlawfully and feloniously embezzle and misappropriate four thousand, six hundred and ninety three dollars and seventy three cents ($4,693.73) from the town of Sasakwa, Oklahoma in the following manner, to wit:

"That L. D. Krause was duly elected, qualified and took possession and charge of the office of Treasurer of the town of Sasakwa, Oklahoma, in 1933, and served as such Treasurer of the town of Sasakwa, Oklahoma, and was in possession of said office at all times from the date aforesaid until the filing of this complaint. That the said L. D. Krause as such Treasurer of the town of Sasakwa, Oklahoma, received, collected and took into his possession, and under his official capacity as aforesaid and by virtue of his office as Treasurer of Sasakwa, Oklahoma, at different times and from day to day from July 1, 1934 to April 30, 1938 many and various sums of money, checks, drafts, valuable securities, effects, vouchers for money and other evidences of indebtedness, all of which was by him, the said L. D. Krause received and collected as money and is legally chargeable against him as money and which came into his possession and under his control through and by virtue of his trust as such Treasurer of the Town of Sasakwa, Oklahoma. That at various times between the dates of July 1, 1934 and April 30, 1938, L. D. Krause while then and there Treasurer of the town of Sasakwa, Oklahoma and as such Treasurer of said town of Sasakwa, was intrusted with and had in his possession and under his control by virtue of his trust as such officer and Treasurer the sum of four thousand, six hundred and ninety three dollars and seventy three cents ($4,693.73) and that L. D. Krause while acting as such officer and while intrusted with said sum of money as aforesaid by virtue of a trust relation existing between him and the said town of Sasakwa, Oklahoma, did then and there wrongfully, unlawfully, fraud-

ulently and feloniously embezzle, convert and appropriate the said sum of money ($4,693.73) to his own use and to a use and purpose not in due and lawful execution of his said trust, and contrary to the form of Statutes in such cases made and provided, and against the peace and dignity of the State."

It is first contended that the indictment charged an offense under section 7761, O. S. 1931, 19 O. S. 1941 § 641, and that the court erroneously admitted evidence and predicated his instructions under section 2495, O. S. 1931, 21 O. S. 1941 § 341.

Counsel for defendant presented a requested instruction which was refused by the court. This instruction would have been proper if the prosecution had been maintained under section 7761, O. S. 1931, supra, as we have held that a conviction under that section of the statute cannot be sustained unless the state shows a personal appropriation of funds by the defendant or an appropriation not in keeping with his official trust. Smith v. State, 61 Okla. Cr. 427, 69 P. 2d 394; State v. Harris, 47 Okla. Cr. 344, 288 P. 385; Hays v. State, 22 Okla. Cr. 99, 210 P. 728.

The indictment properly charged an offense under either section 2495, supra, or section 7761, supra, and the state could elect to maintain its prosecution under either of said statutes. In Hays v. State, supra, it is stated:

"Where two statutes of the same class make an offense punishable in different ways, an accused may be proceeded against and punished under either of such statutes."

In the absence of a motion by the defendant to require the prosecution to elect under which statute he was maintaining the prosecution, it was not error for the court to construe the indictment as being filed under section 2495, supra, and proceed accordingly.

It is next contended that the court erred in admitting as primary evidence the audit prepared by a deputy State Examiner, which was compiled from his examination of the records and other information furnished him from other sources, concerning the financial condition of the town of Sasakwa during defendant's term as town treasurer. Attached to the audit was a letter of transmittal written by the deputy examiner to the State Examiner and Inspector which outlined the work which the deputy had done in preparing the audit and in which letter was set forth the conclusions and opinions of the deputy examiner based upon certain facts which had been called to his attention in preparing the audit.

It is now well settled that the audit is admissible as primary evidence. Hays v. State, supra; Hutchman v. State, 61 Okla. Cr. 117, 66 P. 2d 99. In Hutchman v. State, supra, it is stated:

"In prosecution for aiding and abetting a county treasurer in commission of crime of embezzlement, audit of county treasurer's office by employee of State Examiner and Inspector's office held admissible, although conclusions reached by examiner were inadmissible."

The above cases are ample authority for sustaining the action of the court in admitting the audit in evidence, but they also sustain the proposition that the conclusions of the deputy examiner which are set forth in a letter addressed to his employer are inadmissible. The deputy examiner may be used as a witness to explain his audit, if explanation is necessary, and, in certain instances, where proper foundation is laid, his opinion might be admissible . Here, however, it is our conclusion that the action of the trial court in admitting the letter signed by the deputy examiner in which conclusions of the examiner and his opinion of certain matters set forth in the audit are stated was error.

It is next complained that the conduct of one of the jurors throughout the trial was prejudicial and deprived the defendant of a fair and impartial trial.

The record discloses that the juror in question commenced interrogating the defendant while he was on the witness stand. No objection was interposed by counsel for defendant to the first few questions which were asked by this juror. After the sixth question had been asked by the juror the following appears in the record:

"(After the juror had asked question, and was partially answered:) Mr. Crump: If the court please we object to the questions by the Juror, we don't like to object but it seems like—(Interrupted) The Court: Overruled. Sit down, Judge Crump, the juror has a right to ask questions. Mr. Crump: Exceptions."

This contention raises an interesting question and is one which, so far as we are advised, has never been presented to this court for determination. The record here discloses that this juror asked many questions. In fact, it may be stated that the record discloses he apparently thought he was the county attorney and assumed the role of prosecutor. Many of his questions were prejudicial. They were argumentative; some of them wholly outside of the issues and clearly showed that the juror had become prejudiced against the defendant.

We think it proper that a juror may ask an occasional question where something has been said by a witness which is confusing to the juror for the purpose of clarifying the matter. The extent to which the trial court may allow such questioning by the juror is a matter in the discretion of the court.

The difficulty in allowing a juror to question a witness arises by reason of the fact that the juror is not an attorney, most of them are not familiar with the rules

of evidence, and they might intentionally or inadvertently ask some question which is wholly improper and one which should not be answered; yet, if counsel for defendant objects or defendant fails to make answer to the question the juror, or jurors, might think the witness was concealing something from them and little credence would therefore be placed in the testimony of the witness. For that reason, trial courts should be very careful in allowing jurors to ask questions from a witness and where the question asked by a juror appears to be improper, the trial court should interrupt without requiring counsel for defendant to object and state that such question is improper and direct the witness not to make response thereto.

We have gone over thoroughly that part of the record dealing with the questions asked by the juror. This examination is so lengthy that it will not be set forth in this opinion, but it is our conclusion that the trial court allowed this juror to go too far in his questioning, and that the action of the juror in this regard was prejudicial to the defendant.

In view of what has been hereinabove stated, it is unnecessary to discuss the other assignments of error presented by the defendant.

The judgment of the superior court of Seminole county is reversed and remanded for further proceedings consistent with the views herein expressed.

BAREFOOT, P. J., and DOYLE, J., concur.