GREEN *v.* STATE OF INDIANA.

[No. 29,801. Filed June 30, 1960. Rehearing
denied November 2, 1960.]

*Saul I. Ruman* and *Sachs, Ruman & Tanasijevich*, of Hammond, for appellant.

*Edwin K. Steers*, Attorney General, and *Owen S. Boling*, Assistant Attorney General, for appellee.

LANDIS, J.—This is an appeal from appellant's judgment of conviction for grand larceny.

The record reveals that appellant and one Shoup, who were police officers of the City of Hammond, Indiana, were jointly charged in a single affidavit with

grand larceny. On their trial before the court the defendant Shoup was called as a witness for the prosecution as a part of the State's case, and at the conclusion of his testimony and before the commencement of the defense, the State dismissed as to the co-defendant Shoup. At the conclusion of the trial the court found appellant to be guilty and sentenced him for a period of one to ten years. The error assigned is the overruling of appellant's motion for new trial.

Appellant contends among other things that the court's finding of guilty is contrary to law and is not sustained by sufficient evidence in that there is not sufficient proof to sustain a larceny conviction against appellant.

The evidence favorable to appellee is to the effect that appellant and co-defendant Shoup were fellow police officers of the City of Hammond, Indiana, and that appellant told co-defendant Shoup in 1957 appellant could get a refrigerator, washer and dryer for Shoup from a friend. Appellant said he could get the appliances cheap. In the latter part of February, 1957, Shoup received a radio message while on duty to meet a complainant at 156th Street and Kennedy, and when he arrived there met the complainant, who was officer Green, the appellant, in civilian clothes. It was about 1:00 or 2:00 o'clock in the morning, and appellant asked Shoup if he was still interested in obtaining the Frigidaire refrigerator, washer and dryer, and Shoup said yes. Appellant got into the squad car and after it was driven into a residential district along 165th Street, he asked to be let out and told Shoup to be back in half an hour. When Shoup returned appellant was there with a truck and another man named Joe. Appellant told Shoup to drive to Shoup's house and appellant and Joe followed in the truck carrying the refrigerator,

washer and dryer. Appellant and Joe took the appliances off the truck and put them in Shoup's garage. Shoup paid appellant $50.00 for the appliances and appellant gave the money to Joe and appellant and Joe left in the truck. Two days later Shoup gave appellant $200.00 more for the appliances. A building contractor testified the appliances were taken from his model home on 165th Street in Hammond, Indiana, on February 19th or 20th, between 6:00 p.m. and 8:00 a.m., and that he made out a report of second degree burglary and the taking of the Frigidaire refrigerator, washer and dryer to the police at 8:25 a.m. on February 20th. He testified the appliances were new when taken and were of the value of $616.37. The police officers picked up the appliances from Shoup's premises after identifying them as the same machines taken from the model home. No evidence was offered by the defense to explain the possession of the missing articles in the truck or subsequently on the Shoup premises.

We believe this evidence was sufficient to support appellant's conviction upon the basis of the rule enunciated in the case of *Mims et al.* v. *State* (1957), 236 Ind. 439, 444, 140 N. E. 2d 878, 880, viz.:

"Exclusive possession of property shown to have been stolen, shortly after the larceny, unquestionably is a circumstance to be considered by the jury, and if proof is made that such larceny was recently committed and there is no evidence to explain the possession of the defendants, a larceny conviction based upon such evidence will be sustained on appeal." See also: *Gilley et al.* v. *State* (1949), 227 Ind. 701, 88 N. E. 2d 759; *McAdams* v. *State* (1948), 226 Ind. 403, 81 N. E. 2d 671, and cases cited.

The constitutional questions sought to be raised by appellant are waived by reason of his failure to present

them in his motion for new trial, the overruling of which is the only error here assigned on appeal.

Appellant argues generally that the court erred in overruling his motion for new trial on account of accident and surprise and newly discovered evidence without citing any authority. He has not made any showing of reversible error and his contention must fail.

Appellant also contends the court erred in refusing to consider that an alleged secret agreement had been entered into between the State and co-defendant Shoup to the effect that the State would dismiss as to Shoup if he testified for the prosecution.

The statute providing the court may discharge a defendant in order that he may be a witness for the state is as follows:

"When two [2] or more persons are included in one prosecution, *the court may, at any time before a defendant has gone into his defense, direct him to be discharged, that he may be a witness for the state.* A defendant may also, when there is not sufficient evidence to put him on his defense, at any time before the evidence is closed, be discharged by the court for the purpose of giving testimony for a codefendant. The order of discharge shall be a bar to another prosecution for the same offense." Burns' §9-1609 (1956 Replacement), being Acts 1905, ch. 169, §241, p. 584. (Emphasis added.)

Appellant has conceded that he. was told by the co-defendant's attorney (Cohan) immediately prior to the commencement of the trial that the co-defendant (Shoup) would testify for the State, but appellant states he first learned during the second day of trial of the alleged secret agreement that the State would dismiss as to Shoup if he testified for the prosecution.

The record however fails to disclose any such question was presented by appellant to the trial court until 27 days after his trial and conviction when he filed his motion for new trial.

It is true appellant has attached to his motion for new trial as an exhibit an unverified, undated motion by his attorney to find for the defendant. It does not appear that this motion, which appellant places reliance upon, was ever filed in the cause nor is there any showing by affidavit or otherwise that this specific motion was offered or tendered for filing. In any event it does not set forth allegations which could form the proper basis of a motion for a directed finding for the defendant, and it therefore presents no question.

To preserve questions as to error allegedly occurring during the trial of a cause, a party or his attorney must be diligent to raise such questions seasonably during the trial so as to give the trial court an opportunity to rule thereon and if possible to correct the alleged errors objected to.

Appellant not having made any showing that the question of alleged refusal of the trial court to consider the so-called secret agreement of which he complains was ever properly submitted to the court below for decision, it necessarily follows that no question is before us for decision.

Appellant's contention is further untenable as he has made no showing that the "secret agreement" which he has objected to was other than that contemplated by Burns' §9-1609, *supra*.

Appellant's next contention is that accomplices are incompetent witnesses and that appellant's conviction cannot stand upon the uncorroborated testimony of the police · officer Shoup who was his co-defendant accomplice.

While the common law rule is that a person jointly charged and jointly tried with another is not a competent witness for the prosecution against such other (See: 2 Wigmore on Evidence, p. 707; 22 C. J. S. "Criminal Law," §804[b]), statutes such as Burns' §9-1609, *supra,* have been passed in numerous jurisdictions providing for the discharge of a defendant so that he may be a witness for the state. And Burns' §9-1603 (1956 Replacement),[1] specifically provides that accomplices are competent witnesses when they consent to testify.

It further appears the appellant did not object in the trial below to the testimony of the co-defendant accomplice, but cross-examined the co-defendant and also called him as a witness as a part of the appellant's defense, during which he testified as to the merits of the case. Appellant cannot now for the first time object to the competency of his testimony.

The rule that convictions may be based upon the uncorroborated testimony of an accomplice is too well settled to require extended discussion. See: *Ingram* v. *State* (1951), 230 Ind. 25, 99 N. E. 2d 410; *Walker* v. *State* (1934), 206 Ind. 232, 189 N. E. 127; *Pleak* v. *State* (1929), 201 Ind. 274, 167 N. E. 524. We have not been cited any authority by appellant holding that the rule as to accomplices should not apply to co-defendant accomplices who are discharged by the state under Burns' §9-1609, *supra;* and the case of *Mattingly* v. *State* (1957), 236 Ind. 632, 142 N. E. 2d 607, is an authority against appellant on this point. The testimony of accomplices should be closely scrutinized and cautiously received, and this matter should be called to the attention of the trier of facts in considering the weight to be given such evidence. *Bredenderf* v. *State*

---

1. Acts 1905, ch. 169, §235, p. 584.

(1923), 193 Ind. 675, 141 N. E. 610; *Kleihege* v. *State* (1934), 206 Ind. 206, 188 N. E. 786.

Appellant further contends it was error for the court to refuse to consider that the deputy prosecuting attorney, Nick Senak, who tried the case below, and the co-defendant's attorney, George Cohan, practiced law together under the law firm of Cohan, Senak & Cohan.

Appellant has not shown how the question he is seeking here to raise is material to the determination of this appeal, nor does the record disclose that this matter was properly brought to the attention of the trial court; as has previously been herein discussed. It follows that nothing is before us as to this contention.

However, we cannot by this opinion condone improper conduct if it exists on the part of attorneys who appeared in the trial of this cause before the lower court. Appellant's attorney has made accusations that the deputy prosecuting attorney and co-defendant's counsel who participated in the trial of the case at bar in the lower court were members of the same law firm. It is a flagrant breach of professional ethics for an attorney to act as counsel for a defendant in a criminal case when the same case is being prosecuted by an attorney belonging to the same law firm. See: A. B. A. Committee on Professional Ethics and Grievances, Op. 16, p. 89.[2]

---

Note 2. "So long as the partnership relation continues between the county prosecutor and his professional associate, it is clearly unethical for one member of the firm to oppose the interests of the state while the other member represents those interests. The positions are inherently antagonistic and this would be so irrespective of *Canon 6*. No question of consent can be involved as the public is concerned and it cannot consent.

"In many communities it is the privilege of a prosecutor to continue in the private practice of law during his term of office, but this in no way alters the foregoing conclusions. The prosecutor himself cannot represent both the public and the defendant and neither can a law firm serve two masters. It follows that a partner in such a firm must forego the representation of defendants whose prosecution is the duty of another member who represents the public."

As no reversible error has been demonstrated to us, the judgment is affirmed.

Achor and Arterburn, JJ., concur.

Jackson, C. J., and Bobbitt, J., concur in result.

NOTE.—Reported in 168 N. E. 2d 345.