CARTER *v.* STATE OF INDIANA.

[No. 31,080. Filed March 11, 1968.]

*Forrest Bowman, Jr.,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Robert F. Hassett,* Deputy Attorney General, for appellee.

LEWIS, C. J.—The appellant, Danny H. Carter, was convicted by a jury for the felony of Involuntary Manslaughter as defined by Burns' Indiana Statutes, Anno., (1956 Repl.), § 10-3405.

The appellant's motion for a new trial claims several alleged errors. The appellant objected to the Court's preliminary Instruction No. 4, but such Instruction was given by the Court over such objection.

The Court's preliminary Instruction No. 4 reads as follows:

"During the progress of the trial, none of you, as jurors, are permitted to ask questions of any of the witnesses, the parties or their attorneys. Nor are you permitted to take notes of the proceedings.

During the trial, certain exhibits may be offered in evidence. When admitted into evidence by the Court, each of you should carefully examine these exhibits, without discussion, at the time they are submitted to you. The exhibits will not be sent to the jury room with you when you retire to deliberate." .

It is appellant's contention that under Indiana law jurors are permitted to ask questions of a witness during the progress of a trial. The State contends that the appellant has failed to cite any Indiana case law, and appellant frankly

admits that Indiana is without case law on this question. However, we believe the weight of authority in other jurisdictions permits jurors to propound relevant questions during the progress of a trial subject to the proper regulation of such conduct by the Trial Court and subject to the exercise of the sound discretion of the Trial Court.

"Although the practice of allowing jurors to interrogate or examine witnesses has been rather severely criticized by some courts, it is the view of the majority of those that have considered the question that it is proper for the trial court, in its discretion, to permit such an interrogation or examination even, it has been held, after the jury has retired to consider its verdict. The fact that the trial judge gave the jury permission to interrogate a witness without any special request from them for the privilege has been held not to constitute error so long as the questions asked are germane to the issue." 58 Am. Jur., *Witnesses,* § 557, p. 311.

In 159 A.L.R. 347 we find the following quote:

"While some courts have criticized the practice of allowing jurors to examine witnesses, in most cases the practice has either been approved, or the fact that such questions were asked, or permitted by the trial court, has been held not to constitute error. However, the manner of approval, or the language of the courts in concluding that the practice does not constitute error, is not entirely harmonious. Some courts have taken the view that in the interest of justice and fair play, the practice should be encouraged rather than discouraged, regarding it as often necessary in order that the jurors obtain a fair understanding of the issues (Stamp v. Com. (1923), 200 Ky 133, 253 S. W. 242), and as likely to aid them in finding out and learning the real facts, and especially as enabling them to understand the evidence that is being given. Louisville Bridge & Terminal Co. v. Brown (1925), 211 Ky 176, 277 S. W. 320.
And it has been said that jurors may be allowed to examine a witness in the sound discretion of the trial court, where the question asked is not in violation of the general rules established for eliciting testimony, and that not only is there nothing improper in it when done in a seemly manner and with the evident purpose of discovering the truth, but that a juror may, and often does, ask a very pertinent and

helpful question in furtherance of the investigation. State v. Kendall (1907), 143 N. C. 659, 57 S. E. 340."

In *State* v. *Sheppard* (1955), 100 Ohio App. 345, 128 N. E. 2d 471, the Supreme Court of Ohio stated:

"The right of a juror to ask questions of a witness during trial is clearly within the sound discretion of the trial court. Utah v. Anderson, 108 Utah 130, 158 P. 2d 127, 159 A.L.R. 340. The practice is not encouraged because:

'Generally jurors are not familiar with the rules governing the admission of evidence, and in the very nature of such a situation counsel quite naturally will hesitate to object to a question propounded by a juror, even though it may be incompetent and this practice is so dangerous to the rights of the litigant that we cannot encourage the practice.' White v. Little, 131 Okl. 132, 268 P. 221, 222. . . . ."

In *Ratton* v. *Busby* (1959), 230 Ark. 667, 326 S. W. 2d 889, the Supreme Court of Arkansas upheld the jury asking witnesses forty-five questions during the course of the trial. This trial was a lawsuit arising out of one aircraft colliding with another thereby necessitating the use of experts. Their testimony was replete with technical jargon known only to people connected with aviation. Such interrogation by jurors was necessary in order for them to understand the testimony given.

In the trial of appellant's case the jury did not have an opportunity to ask any question of any witness because in its preliminary instruction the Trial Court had foreclosed the right of the jury to ask questions. We can but conclude that preliminary Instruction No. 4 was erroneous.

The practice of permitting jurors to propound questions should not be encouraged by the Trial Court, but it should not be forbidden by preliminary instruction. As a question is propounded during the course of a trial it is within the sound discretion of the Trial Court to make a determination as to whether the question is for the evident purpose of discovering the truth and whether such question is proper.

This case must be re-tried because of the erroneous instruction heretofore discussed; and, therefore, we will not protract this opinion by discussing the other errors claimed by appellant.

Judgment is reversed with instructions to the Trial Court to grant appellant's motion for a new trial.

Arterburn, Hunter and Jackson, JJ., concur.

Mote, J., dissents.

NOTE.—Reported in 234 N. E. 2d 650.