## WILLIAM CHERRY *v*. STATE OF INDIANA.

[No. 470S87. Filed April 7, 1972. Rehearing denied May 25, 1972.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *R. Michael Bruney,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged with First Degree Burglary. In a trial by jury, he was convicted of the lesser included offense of Entering to Commit a Felony under Acts of 1941, ch. 148, § 5, 1956 Repl. Burns Ind. Stat. Ann § 10-704, and was sentenced to imprisonment for not less

than one nor more than ten years. Three questions are presented by his appeal to this Court.

(1)   Ten days prior to trial, Defendant made motions to produce a list of the State's witnesses and their statements.

The motion for a list of witnesses was sustained. The ■ motion to produce their statements was overruled. Defendant has cited Bernard v. State (1967), 248 Ind. 688, 230 N. E. 2d 536 in support of his position that the court erred in overruling his motion to produce statements. The Bernard case is authority only for the proposition that trial courts have inherent power to order various types of discovery and when a list of witnesses is requested, it should be granted, unless the State makes a showing of paramount interest over that of the defandant.

The guilding principles in the area with which we are here concerned have been laid down by this Court in Antrobus v. State (1970), 253 Ind. 420, 254 N. E. 2d 873, as follows:

"With respect to a defendant's right to obtain such statements we hold the rule to be this: First, the defendant must lay the proper foundation for his motion or the trial court may properly deny it. An adequate foundation is laid when: (1) The witness whose statement is sought has testified on direct examination; (2) A substantially verbatim transcription of statements made by the witness prior to trial is shown to probably be within the control of the prosecution; and, (3) The statements relate to matters covered in the witness' testimony in the present case.

After laying this foundation, the defendant may move the trial court to require the State to produce such statements for use by the defense in cross examination and impeachment of the witness. If the foundation is proper the trial court must grant the motion and order the statements turned directly over to the defendant unless the State alleges: (a) There are no such statements within the control of the State. The trial court must conduct a hearing on the conflicting claims of the parties to resolve this issue. (b) There is necessity for keeping the contents of the statements confidential. (c) The statement also contains matter not related to the matters covered in witness' testimony and the State does not wish to reveal that portion. In the latter

two cases the statements need not be given directly to the defendant but should be given to the trial court for his decision concerning the State's claim. If the trial court agrees with the State then on (b) and (c) the trial court may deny defendant's motion or turn over to the defendant only the relevant portion of the statement." 254 N. E. 2d at 876-77.

As an "Antrobus motion," it is clear that the defendant's motion was both premature and entirely too broad. Under proper circumstances, the trial court might entertain a motion of this type at this stage of the proceedings. However, an "Antrobus type" foundation would have to be laid, and the material sought would have to fit the foundation.

(2) Defendant tendered the following preliminary instruction, which was refused.

"The Court hereby instructs you, that you, as jurors, may ask questions of the witnesses during the trial, if you so desire. However, if you so desire to ask such question, I hereby instruct you that you must indicate to the Court that you wish to ask a question, at which time the Court will take appropriate measures to hear your question, and determine, as a matter of law, the propriety of such question, and if the Court deems it proper, you will be permitted to ask such question."

*Carter* v. *State* (1968), 250 Ind. 13, 234 N. E. 2d 650, cited by Defendant to support the giving of the tendered instruction, held only that it was error to instruct the jury that they could not ask questions. This is not tantamount to instructing the opposite, in fact in that case, we announced that while questions from the jury should not be forbidden, the practice of permitting them to propound questions should not be encouraged. The reasons are well stated in *White* v. *Little,* 131 Okla. 132, 268 P. 221, at page 222, cited therein:

"Generally jurors are not familiar with the rules governing the admission of evidence, and in the very nature of such a situation counsel quite naturally will hesitate to ob-

ject to a question propounded by a juror, even though it may be incompetent and this practice is so dangerous to the rights of the litigant that we cannot encourage the practice."

(3) The following, which was the defendant's tendered final instruction number 7, was refused by the trial court:

"The Court now instructs you that a co-defendant, one Charles R. Martin, has testified for the State. I hereby instruct you that by reason of his being an accomplice and co-defendant you should receive his testimony cautiously and his testimony should be carefully scrutinized by you, the Jury, and weighed to ascertain its credibility."

"The rule is well settled in this State that the jury is the sole judge of the credibility of a witness and the Court has no right to invade that province. * * * We construe the above cited cases as stating that an instruction in a criminal case is erroneous as invading the province of the jury to the extent that the Court would be intimating an opinion of the credibility of witnesses or the weight to be given to their testimony." *Pritchard* v. *State* (1967), 248 Ind. 566 at 570, 230 N. E. 2d 416.

"We think that it is error for the court to single out any special witness, personally, and burden his testimony with any suggestions which might indicate to the jury that in the opinion of the court such witness was liable to testify falsely. Instructions as to credibility of witnesses should be general, and apply equally to all of the witnesses for the state and the defendant alike. * * *." *Swanson* v. *State* (1943), 222 Ind. 217 at 219, 52 N. E. 2d 616.

There is some authority in Indiana for the principle that the testimony of accomplices should be closely scrutinized and cautiously received, and this matter should be called to the attention of the trier of facts in considering the weight to be given such evidence. *Bredenderf* v. *State* (1923), 193 Ind. 675, 141 N. E. 610; *Kleihege* v. *State* (1934), 206 Ind. 206, 188 N. E. 786; *Green* v. *State* (1960), 241 Ind. 96, 168 N. E. 2d 345.

In *Bredenderf, supra,* the court held that it was not error to give such an instruction. This does not necessarily compel

the giving of the same, although we concede merit in the position that the instruction is either proper or improper and that if it is proper and applicable to the evidence, whether or not it is to be given should not be discretionary with the trial judge. *Kleihege, supra,* simply held that the appellant was in no position to complain about the giving of the instruction, having himself tendered the same one. In that opinion, the court did, by dicta, declare "* * * but in any event the instruction was properly given." The holding in *Green, supra,* was that the rule permitting accomplice testimony was applicable as to co-defendants who were discharged by the State. Again, the dicta therein supports this defendant's position. Nevertheless, in the recent cases of *Turner* v. *State* (1972), 258 Ind. 267, 280 N. E. 2d 621, and *Taylor* v. *State* (1972), 257 Ind. 664, 278 N. E. 2d 273, we determined that the giving of cautionary instruction like or similar to the one in question could not be clearly reconciled with our decisions holding that it is error to intimate an opinion as to the credibility of a witness or the weight to be given his testimony, *Swanson* v. *State, supra,* and we determined that the question of a witness' possible bias, by reason of a peculiar relationship to the defendant, was better left for the persuasion of counsel by his cross-examination and summation. Therefore, to the extent that the aforementioned cases may stand as authority either requiring or authorizing an instruction in the nature of the one tendered by Defendant and refused, we deem them to be overruled.

The judgment of the trial court is affirmed.

Arterburn, C. J., Givan and Hunter, JJ., concur; DeBruler, J., concurs and dissents with statement.

### CONCURRING AND DISSENTING STATEMENT

DeBruler, J.—I concur in the majority opinion on the first two issues discussed. However, I dissent from the majority

opinion on the issue of the accomplice instruction for the reasons set out in my dissent in *Turner* v. *State* (1972), 258 Ind. 267.

NOTE.—Reported in 280 N. E. 2d 818.