**Herman ALLEN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–90–0315–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 28, 1991.

John M. Barron, Jr., Bryan, for appellant.

Nancy L. Hildebrand, Bryan, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION

PAUL PRESSLER, Justice.

A jury convicted appellant of the felony offense of possession of a controlled substance, cocaine, in an amount less than twenty-eight grams. TEX.HEALTH & SAFETY CODE ANN. § 481.115. The jury assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(b), at confinement for twelve years in the Texas Department of Criminal Justice, Institutional Division. Appellant's one point of error alleges that the trial court erred in permitting the jury to frame questions for a witness over appellant's objection. We affirm.

Before reading the indictment, the trial court informed the jury that after each witness had finished testifying and each attorney had completed his questioning of the witness, the jury would have an opportunity to submit questions. The court cautioned the jurors that the attorneys presenting the case "have done so with an eye on what is important in the case" and that the jurors should keep that in mind when deciding whether or not to ask questions. The court further cautioned the jury "not to put a chilling affect" on their questions, but to have "sensitivity to the whole process." Any juror who had a question

would be permitted to submit his question, in writing, to the judge through the bailiff. The jury would then retire while the judge considered the admissibility of their questions. The judge explained that in order for the question to be asked of the witness, it must "pass the same legal test any lawyers' questions would have to pass," and that afterwards, the attorneys would be permitted to have follow-up questions. The judge cautioned that if he did not permit a question to be asked, the lawyers should not be blamed, but "let the blame rest with [the court]." Only one of the State's witnesses answered questions submitted by the jury and the procedure described by the judge was followed exactly.

■ Appellant's first argument is that Article 36.27 of the Texas Code of Criminal Procedure applies to a jury's asking questions about a trial in progress. Article 36.27 is inapplicable to this case. It sets forth the method by which the jury may communicate with the court during jury deliberation. Even if such article had applied, its procedures were followed: the jurors wrote out their questions, the questions were handed to the bailiff, and the bailiff delivered them to the judge. The first subpoint is overruled.

■ Appellant then argues that Article 36.01 of the Texas Code of Criminal Procedure neither provides for nor permits questioning by the jurors of the witnesses. Article 36.01 outlines the procedure to be followed during a criminal trial. Although this article directs that certain steps be followed, it does not present a comprehensive list of all events which may occur during a trial. Cross-examination by either party, questions to the judge by witnesses for purpose of clarification, or bench conferences would also be excluded if appellant's reading of the article were correct. See TEX.CODE CRIM.PROC.ANN. art. 36.01 (Vernon 1991). Appellant's second subpoint is overruled.

■ Appellant also contends that Article 36.13 of the Texas Code of Criminal Procedure does not provide for the jury to be an inquiring body. This article provides that unless otherwise provided, the jury is the exclusive judge of the facts, the jury should receive the law from the court and should be governed by it. TEX.CODE CRIM. PROC.ANN. arts. 36.13, 38.04 (Vernon 1981); *Bonham v. State*, 680 S.W.2d 815 (Tex. Crim.App.1984). This argument is also without merit. The procedure followed by the court in this case did not compromise the jury's duty to be exclusive judge of the facts. The third subpoint is overruled.

■ Appellant's fourth and final argument is that the court misdirected the jury as to their function in the trial. Appellant contends that when the judge permitted the jury to ask questions of the witness, he misdirected the jury which should permit a new trial under the provision of TEX.CODE CRIM.PROC.ANN. art. 40.03 (Vernon 1981). This contention is also meritless. This Article 40.03 was repealed by the Texas Rules of Appellant Procedure effective September 1, 1986 (Acts.1985, 69th Leg., ch. 685, Section 4). These Rules provide that a new trial shall be granted an accused where the court has misdirected the jury as to the law or has committed some other material error calculated to injure the rights of the accused. TEX.R.APP.P. 30(b)(2). By allowing jurors to frame their own questions to be asked of a witness, the court has not misdirected the jury as to the law. Appellant's fourth subpoint is overruled.

■ This is a case of first impression in Texas. *See Buchanan v. State*, 807 S.W.2d 644 (Tex.App.—Houston [14th Dist.] 1991) (same issue). Although there is no case law in Texas which directly supports or condemns the practice of jurors' asking questions to witnesses, foreign authorities which have addressed this issue are virtually unanimous in permitting it. These jurisdictions include Arizona: *State v. LeMaster*, 137 Ariz. 159, 669 P.2d 592, 598 (App.1983); Arkansas: *Nelson v. State*, 257 Ark. 1, 513 S.W.2d 496, 498 (1974); California: *People v. McAlister*, 167 Cal.App.3d 633, 213 Cal.Rptr. 271, 276 (1985); District of Columbia: *Yeager v. Greene*, 502 A.2d 980, 985 (D.C.1985); Florida: *Ferrara v. State*, 101 So.2d 797, 801

(Fla.1958); Georgia: *Story v. State,* 157 Ga.App. 490, 278 S.E.2d 97, 98 (1981); Indiana: *Carter v. State,* 250 Ind. 13, 234 N.E.2d 650, 652 (1968); Iowa: *Rudolph v. Iowa Methodist Medical Center, Inc.,* 293 N.W.2d 550, 555–556 (1980); Kentucky: *Stamp v. Commonwealth,* 200 Ky. 133, 253 S.W. 242, 246 (1923); Michigan: *People v. Heard,* 388 Mich. 182, 200 N.W.2d 73, 75 (1972); Missouri: *Sparks v. Daniels,* 343 S.W.2d 661, 667 (Mo.App.1961); New Mexico: *State v. Rodriquez,* 107 N.M. 611, 762 P.2d 898, 901–902 (App.1988); New York: *People v. Knapper,* 230 A.D. 487, 245 N.Y.S. 245, 251 (1930); North Carolina: *State v. Kendall,* 143 N.C. 659, 57 S.E. 340, 341 (1907); Ohio: *State v. Sheppard,* 100 Ohio App. 345, 128 N.E.2d 471, 499 (1955), *aff'd,* 165 Ohio St. 293, 135 N.E.2d 340 (1956); Oklahoma: *Krause v. State,* 75 Okl.Cr. 381, 132 P.2d 179, 182 (1942); Pennsylvania: *Boggs v. Jewel Tea Co.,* 266 Pa. 428, 109 A. 666, 667 (1920); South Carolina: *State v. Barrett,* 278 S.C. 414, 297 S.E.2d 794, 796 (1982), *cert. denied,* 460 U.S. 1045, 103 S.Ct. 1445, 75 L.Ed.2d 800 (1983); Tennessee: *Byrge v. State,* 575 S.W.2d 292, 295 (Tenn.Crim.App.1978); Utah: *State v. Johnson,* 784 P.2d 1135, 1144–45 (Utah 1989); *United States v. Nivica,* 887 F.2d 1110, 1123 n. 9. (1st Cir.1989), *cert. denied, Wellington v. U.S.,* — U.S. —, 110 S.Ct. 1300, 108 L.Ed.2d 477 (1990); *United States v. Witt,* 215 F.2d 580, 588 (2d Cir.), *cert. denied, Talanker v. U.S.,* 348 U.S. 887, 75 S.Ct. 207, 99 L.Ed. 697 (1954); *DeBenedetto v. Goodyear Tire and Rubber Co.,* 754 F.2d 512, 516 (4th Cir.1985); *United States v. Callahan,* 588 F.2d 1078, 1086 (5th Cir.), *cert. denied,* 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979); *United States v. Land,* 877 F.2d 17, 29 (8th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 243, 107 L.Ed.2d 194 (1989); *United States v. Gonzalez,* 424 F.2d 1055, 1056 (9th Cir. 1970).

The only jurisdiction which has refused to allow jurors to ask questions was Georgia. *Stinson v. State,* 151 Ga.App. 533, 260 S.E.2d 407, 410 (1979). In that case, the Georgia court disapproved of the practice of allowing jurors to ask *direct* questions of the witness. However, in *Story v.*

*State, supra,* the same Georgia court expressly approved of the same *indirect* questioning procedure followed by the trial court in this case. Only direct questioning by jurors was held to constitute reversible error. *See id.*

The general rule in other jurisdictions is that it is within the trial court's discretion to permit this practice. *See, e.g., Ferrara v. State,* 101 So.2d 797, 801 (Fla.1958); *Sparks v. Daniels,* 343 S.W.2d 661, 667 (Mo.App.1961); *People v. Wilds,* 141 A.D.2d 395, 529 N.Y.S.2d 325, 326 (1988). This general rule is consistent with the rule in Texas that the manner of examining a witness is a matter within the discretion of the trial court. *Suiter v. State,* 165 Tex. Crim. 578, 310 S.W.2d 81, 82 (App.1958); Tex.R.Crim.P. 610(a)(1).

During the trial, the jurors asked questions of one witness in which the following format was used:

1. The trial court asked for written questions from jurors after both counsels had concluded their respective direct and cross-examinations.

2. The jury and witness were excused from the courtroom while the admissibility of the questions were determined.

3. The trial court read the proposed questions to both state and defense counsel to determine if there were any legal objections to the questions.

4. The jury and witness were brought back into the courtroom, and the questions were propounded to the witness verbatim, if it had been ruled legally admissible.

5. Following the witness's answer, both state and defense counsel were allowed to ask follow-up questions limited to the matter discussed by a juror's question.

The chief safeguard of this indirect questioning procedure is to allow only written questions by the jury to be asked after their admissibility has been ruled on by the court out of the hearing of the jury. Permitting a juror to spontaneously ask a direct, oral question of a witness could create substantial problems as follows:

1. It places counsel "in the intolerable condition of offending the juror by objecting or permitting improper or impossible prejudicial testimony to come in without objection;"

2. It causes the juror involved to lessen his or her objectivity and causes a premature judgment on some issue in the case;

3. It produces tension or actual antagonism between the juror and witness as a result of the interaction.

*People v. McAlister,* 167 Cal.App.3d 633, 213 Cal.Rptr. 271, 277 (1985).

A juror's writing a question for consideration by the court and counsel prior to its submission to the witness, however, permits the court to exercise its discretion and maintain control of the trial. Any improper questions were thus avoided and the jurors were not allowed to become too personally involved in the questioning. In *Carr v. State,* 475 S.W.2d 755 (Tex.Crim. App.1972), the Texas Court of Criminal Appeals was presented with the question of whether the court's permitting jurors to ask questions of the witnesses was a deprivation of due process. Even though the Court of Criminal Appeals disposed of the issue by holding that the appellant's question presented a multifarious ground of error and presented nothing for review, the court stated that allowing jurors to ask witnesses questions did not appear improper or harmful to the appellant where there was no objection. *Id.* at 757. Here, appellant objected to the overall procedure of allowing jurors to ask questions of the witness, but he did not object to any specific question on any specific grounds.

The trial court did not abuse its discretion here. The procedural safeguards employed by the trial court prevented the jury from asking improper or prejudicial questions. As stated by the United States Court of Appeals for the Fifth Circuit:

There is nothing improper about the practice of allowing occasional questions from jurors to be asked of witnesses. If a juror is unclear as to a point in the proof, it makes good common sense to allow questions to be asked about it. If nothing else, the question should alert trial counsel that a particular factual issue may need more extensive development. Trials exist to develop truth. It may sometimes be that counsel are so familiar with a case that they fail to see problems that would naturally bother a juror who is presented with the facts the first time.

*United States v. Callahan,* 588 F.2d 1078, 1086 (5th Cir.), *cert. denied,* 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979). Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the majority members of the panel, I record my respectful dissent. I would sustain appellant's sole point of error because I believe the trial judge erred in allowing members of the jury to submit written questions which were propounded to the witness. The procedure allows the jurors to become advocates rather than impartial finders of fact.

An accused has the right to a trial by a fair and impartial jury. Article 36.13 of the Code of Criminal Procedure provides that "the jury is the exclusive judge of the facts ..." Tex.Code Crim.Proc. art. 36.13 (Vernon 1981). Further the burden is on *the State* to introduce evidence sufficient to prove appellant's guilt beyond a reasonable doubt. (emphasis added). Tex.Code Crim.Proc. art. 38.03 (Vernon Supp.1991). Finally Article 38.04 of the Code of Criminal Procedure recognizes that "the jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony ..." Tex.Code Crim.Proc. art. 38.04 (Vernon 1979).

In every criminal trial under both Federal constitutional grounds and State law, the prosecution (The State) has the burden of proof beyond a reasonable doubt on each element of the offenses and all persons are presumed to be innocent. *Holman v. State,* 662 S.W.2d 372 (Tex.Crim.App.1984).

In the instant case, the trial court informed the jury that after each witness had finished testifying and each attorney

had completed his questioning of the witness, the jury would have an opportunity to ask questions. The court cautioned the jurors that the attorneys presenting the case "have done so with an eye on what is important in the case" and that the jurors should keep that in mind when deciding whether or not to ask questions. The judge instructed the jury that after the attorneys had questioned the witnesses, the judge would then ask any juror who had a question to raise his hand, and then the juror would be permitted to submit his questions, in writing, to the judge through the bailiff. The judge then explained that the jury would be retired while he considered the admissibility of their questions. The judge explained that in order for the question to be asked of the witness, it must "pass the same legal test any lawyers' questions would have to pass," and that afterwards, the attorneys would be permitted to do follow-up questioning. Finally, the judge cautioned that if he did not permit their question to be asked, they should not blame the lawyers, but to "let the blame rest with [the court]."

During the trial, only one of the State's witnesses answered questions submitted by the jury. The procedure described by the judge was as follows: After the witness had been questioned by the attorneys, the judge solicited questions from the jury. Several jurors raised their hands and submitted their questions in writing. The court then ruled on the questions' admissibility out of the presence of the jury. After the questions were ruled legally admissible, the trial court propounded the questions to the witness. Appellant objected to the procedure and the Court overruled his objection.

Appellant was convicted of possession of cocaine under 28 grams. The State called two witnesses to the occurrence, namely Officer Godfrey and Officer Greenlee. It further called Marita Mitchell Ostle who testified as to the custody and delivery of the controlled substance and William Ginn who testified as to the laboratory analysis of the controlled substance. The State's final witness was Dan Jones who testified as to the difficulty of taking fingerprints from containers of the controlled substances that were used in this case.

Officer Greenlee is the only witness to whom questions were submitted by the jury. Greenlee testified that he saw a group of subjects. He noticed appellant because appellant turned away from him. Greenlee observed appellant holding something in his hand, put it in the wall, straighten his hand out, and bring it back. The group with whom appellant was standing moved away as the officers approached, but appellant stayed there. Greenlee testified that he had not taken his eyes off of appellant from the time he saw appellant put something in the wall until he approached appellant. When Greenlee looked at the wall where he had seen appellant reach with his hand, he found a bottle with what appeared to be four rocks of crack cocaine inside. Appellant denied the crack belonged to him. After appellant was arrested and brought to the Bryan Police Department, a search was done of appellant's person and $484.00 was found in his possession. The bottle of crack and the money were tagged and stored as evidence. Officer Greenlee testified that he did not fingerprint the bottle of crack because several police officers handled it before it could be fingerprinted.

After Officer Greenlee had been questioned by the attorneys, the judge asked if any of the jury had any questions to submit to the witness. Several jurors raised their hands, indicating they had questions to ask of the witness. After the judge had received these questions in writing, the jury and witness were dismissed and any objections by attorneys were ruled on outside the presence of the jury. The Court asked the witness two questions that were submitted by the jury that were ruled admissible.

Appellant is entitled to be tried by a fair and impartial body who is charged with the duty to be the exclusive judge of the facts proved and of the weight to be given to the testimony. The procedure utilized by the trial court has completely undermined that duty and puts the jury in the untenable position of being an advocate. To allow

the jury to propound questions to the witnesses relieves the State of its burden to introduce evidence sufficient to prove the appellant's guilt beyond a reasonable doubt.

Further, the trial court in its charge instructed the jury in both cases in the following language:

> In all criminal cases, the burden of proof is on the State. All persons are presumed to be innocent and no person may be convicted unless each element of the offense is proved beyond a reasonable doubt. Therefore, if you find the State has failed to prove each element of the offense beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "not guilty."

The procedure the trial court used allowed the jurors to clear up any doubt they may have had by listing questions for each witness to answer. This lessens the State's burden to prove its case beyond a reasonable doubt and in my opinion is reversible error.

I find that the trial court erred in allowing the jury to submit written questions which were propounded to the witness allowing the jurors to become advocates rather than impartial factfinders and I would sustain appellant's sole point of error and reverse the District Court's judgment and order a new trial.