Loreta M. NICHOLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00564–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 8, 1991.

Loreta M. Nichols pro se.

Kyle Hawthorne, Bryan, for appellant.

Bill R. Turner, Brazos Co. Dist. Atty., for appellee.

Before COHEN, MIRABAL and HUGHES, JJ.

## OPINION

COHEN, Justice.

The jury convicted appellant of third degree felony theft and assessed punishment at four years confinement and a $1,500 fine. The court probated the confinement for six years, pursuant to TEX.CODE CRIM. P.ANN. art. 42.12, § 4(c) (Vernon Supp. 1991).

Odas Brown hired appellant in 1973 as a bookkeeper for his business. In early 1974, he and appellant agreed she would come to Brown's business weekly and he would pay her $100 per month. Brown testified appellant worked eight to ten hours per month. Her responsibilities included writing the payroll checks after Brown had determined the amounts, paying bills, posting expenses and income in the ledger, preparing quarterly unemployment taxes, and making deposits.

In early 1987, Lee Ann Brown, Odas' daughter-in-law, discovered a $4000 discrepancy between the bank balance and the checkbook balance. Lee Ann and appellant tried, but failed, to reconcile the variance. Fifteen checks were missing from the bank statement. Mr. Brown obtained copies of the checks and found appellant had signed his name to them.

■ Appellant's first point of error contends the trial court erred by submitting written questions from jurors to witnesses during trial. Appellant objected to jurors asking questions, but had no objection to the specific question asked or to the witness' answer. Appellant contends no statute allows that procedure.

In *Carr v. State*, 475 S.W.2d 755, 757 (Tex.Crim.App.1972), *cert. denied*, 409 U.S. 1099, 93 S.Ct. 919, 34 L.Ed.2d 682 (1973), the defendant waived any error to such questions, but the court nevertheless held

the particular questions harmless. Each question elicited testimony that the witness could not identify Carr. In *Buchanan*, the Fourteenth Court of Appeals found "telling" the fact that the *Carr* court, given the opportunity to condemn the procedure, did not do so. *See Buchanan v. State*, 807 S.W.2d 644, 645 (Tex.App.—Houston [14th Dist.] 1991, pet. requested); *see also Pless v. State*, 576 S.W.2d 83, 85 (Tex.Crim.App. 1978). (error waived). In *Allen v. State*, 807 S.W.2d 639, 639 (Tex.App.—Houston [14th Dist.] 1991, pet. requested), and in *Buchanan*, the trial court permitted jurors to submit to the court written questions for witnesses. The juries were then retired, and the judge heard objections. In both cases, the court of appeals found no error because the procedure prevented the jury from asking improper questions. *Allen*, 807 S.W.2d at 642; *Buchanan*, 807 S.W.2d at 646.

The same situation occurred here before the same trial judge. After Lee Ann Brown was cross-examined, the trial judge solicited jurors' questions. One juror submitted a question, and the jury was removed. After the court overruled appellant's objection, the jury returned and the court read the following question to Lee Ann: "You said you called regularly to verify bank balances to pay the IRS taxes. When you called for the previous quarters, why didn't the difference in the balances bother you?" Lee Ann answered, "Because there was no difference. They usually coincided with my balances in the books."

Twenty states and six federal circuits allow such questions, according to *Allen*, 807 S.W.2d at 640–41. One state, Georgia, has held such questioning was error when jurors were allowed to directly question a witness. *Id.* Georgia allows the procedure when done as it was in this case. *Id.* Appellant cites no cases prohibiting this procedure.

Appellant does not contend the answer to this question harmed her, nor does it appear harmful. Like the *Carr* court, we conclude there was no harm. TEX.R.APP.P. 81(b)(2).

We need not decide today whether the trial court erred in allowing a harmless question and answer. A different question might be presented if the testimony had been harmful, for example, if the answer had proved value or some other element of the offense that, until then, was missing. In such a case, a juror's question might be the difference between affirmance or acquittal. Many other prejudicial possibilities can be imagined. Should a juror be allowed, by filling gaps in the State's case, to help the State prove guilt? Should a juror be allowed, by pointing out gaps in the State's case, to help the defendant show reasonable doubt? We reserve these questions for another day.

The first point of error is overruled.

The second point of error contends the Court of Criminal Appeals' order of October 9, 1989, instituting a pilot program for electronic recording of Brazos County trials, violates the separation of powers between the legislative and the judicial departments of government.

■ Appellant first claims that, because all nine members of the Court of Criminal Appeals did not sign the order, it is without force or effect. Appellant provides no authority for this premise, and we find none. Eight judges signed the order. We find this sufficient.

■ Appellant next asserts the order is void because the legislature did not authorize the Court of Criminal Appeals to allow Brazos County's participation in the pilot program. We disagree.

First, appellant did not raise this complaint in the trial court. She agreed to use an electronic recording system. Her stipulation provided:

> The undersigned parties stipulate that a record of all proceedings in the above case may be made by electronic tape recording, in accordance with the Court of Criminal Appeals order dated October 9, 1989.
>
> This stipulation does not constitute a waiver by any party of the legal right to obtain a complete, verbatim written transcription of the evidence and trial proceedings, in order to seek review of any action by the trial court.

Second, appellant claims no harm from electronic recording. She does not complain the statement of facts is inaccurate or incomplete. TEX.R.APP.P. 81(b)(2).

Finally, we find no violation of the separation of powers doctrine. The Texas Constitution permits the legislature to delegate to the Court of Criminal Appeals the power to promulgate rules, subject to the limitations and procedures provided by law. TEX. CONST. art. V, § 31(c). The Court of Criminal Appeals may promulgate specific rules of posttrial and appellate procedure. TEX. GOV'T CODE ANN. § 22.108(b) (Vernon Supp. 1991). We conclude that procedures for producing the statement of facts are within the rulemaking power of the Court of Criminal Appeals.

The second point of error is overruled.

In her third point of error, appellant complains the State failed to prove she appropriated property because the money she took was payment for work done by agreement for Mr. Brown. She also contends the State did not prove she stole at least $750, as alleged.

We view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)

A person commits theft if he unlawfully appropriates property with intent to deprive the owner of it. TEX. PENAL CODE ANN. § 31.03(a) (Vernon 1989). Appropriation is unlawful if it is without the owner's consent. TEX.PENAL CODE ANN. § 31.03(b) (Vernon 1989).

■ The indictment alleged that appellant committed theft from January 18, 1986, to October 28, 1986. Mr. Brown testified he agreed to pay appellant $100 per month, totalling a maximum of $1,000 for that period. The State produced 13 checks that were payable to appellant, totalling $4800. Mr. Brown testified he did not sign or authorize these checks. The jury could

have inferred from this evidence that appellant stole $3800 from Brown ($4800 − $1000 = $3800). This exceeds $750, the statutory minimum for a third degree felony. *See* TEX.PENAL CODE ANN. § 31.-03(e)(4)(A) (Vernon 1989).

■ Concerning appropriation, Mr. Brown testified he did not sign the checks in question. When presented with the bank signature card for this account, which showed appellant was authorized to sign on the account, Brown denied signing the card or authorizing appellant to sign the card.

Appellant admits she cashed the checks and took the money. She testified she had no intent to steal and the money was rightfully hers as agreed salary. Appellant testified that, in 1978, Brown changed her salary from $100 per month to $10 per hour. This was due, in part, to an increase in the work load. Her rate was later raised to $12.50 per hour in 1981. She claimed the money she took was what she earned at her hourly rate.

Appellant testified Brown authorized her to write and sign the checks. She first did so in 1976 or 1977. Appellant believed she had consent to sign the checks because she and Brown went to the bank together to sign signature cards for the checking account. Appellant said Brown saw the checks she had signed when they reconciled the bank statement together. Brown would call out the checks, and appellant would check them off on the statement.

As the trier of fact, the jury is the sole judge of a witness's credibility and may accept or reject any or all of a witness's testimony. *Losada v. State*, 721 S.W.2d 305, 309 (Tex.Crim.App.1986). The jury was free to believe Brown and not to believe appellant.

The third point of error is overruled.

The judgment is affirmed.