Robert Lee **FORD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–91–00219–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 6, 1992.

Phillip C. Banks, Bryan, for appellant.
Douglas Howell, III, Bryan, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Appellant appeals from a conviction for robbery. He was sentenced to forty-six years in prison. Appellant asserts four points of error on appeal including: (1) that the trial court erred in overruling appellant's requested charge on the accomplice witness rule; (2) that the trial court abused its discretion in allowing the jury to submit written questions to be propounded to the witnesses; (3) that the trial court erred in denying appellant the right to make an opening statement; and (4) that the evidence was insufficient to show that appellant was the robber.

On the evening of September 6, 1990 appellant and Jimmy Sterling were walking down Groesbeck Street in Bryan, Texas towards Patel's Pantry when appellant told Sterling he was going to rob Patel's. Sterling discouraged appellant from the robbery, and appellant indicated that he was going to a friend Charles Hood's house near the convenience store. Sterling arrived at Hood's house, but appellant was not there. Appellant was next seen running down Groesbeck Street away from Patel's after the robbery. Fnehlata Patel, the owner of Patel's Pantry, was in the store at around 7:00 p.m. with two of her employees when a tall skinny black man came in the store asking for change. The man then grabbed for the money in the

cash register. Ms. Patel was unable to identify the robber. One of the employees in the store during the robbery, Marie Looney, was able to identify appellant as the robber.

Detective David Bigley initially investigated the robbery. He testified that Jimmy Sterling was initially a suspect in the crime, but that there was not enough reliable information for Sterling to remain a suspect. Bigley added that the mere fact that appellant told Sterling that he was considering committing the robbery was not enough to make Sterling an accomplice.

■■■■ Appellant argues in his first point of error that the trial court erred in overruling appellant's requested charge to the jury. Appellant requested that the jury be charged under the accomplice witness statute on the grounds that Jimmy Sterling was an accomplice witness. An accomplice witness is someone who participates with another before, during or after the commission of a crime; one is not an accomplice witness if he cannot be prosecuted for the same offense with which the accused is charged. *Harris v. State*, 645 S.W.2d 447, 457 (Tex.Crim.App.1983). The state's witness must have complicity in the offense for which an accused is on trial for his testimony to constitute that of an accomplice witness. *Gamez v. State*, 737 S.W.2d 315, 322 (Tex.Crim.App.1987). Mere presence at or near the scene of the crime is not enough to make one an accomplice witness. *Id.* Evidence must exist of some affirmative act on a witness's part to assist in the commission of the offense to be considered an accomplice. *Creel v. State*, 754 S.W.2d 205, 214 (Tex.Crim.App.1988); *Kunkle v. State*, 771 S.W.2d 435, 441 (Tex. Crim.App.1986). In determining whether an instruction needs to be given to the jury on accomplice witness testimony, an examination of the evidence is necessary. *Gamez at 322.* If there is a question from the evidence as to whether a witness is an accomplice then it is proper to submit the fact issue to the jury. *Id.*

There was no evidence presented to indicate that Jimmy Sterling was appellant's accomplice in this crime. The only evidence presented is that Sterling was with appellant prior to the robbery and that Sterling saw appellant running from the direction of the store. None of the witnesses at the scene of the crime testified that Sterling was with appellant during the robbery. Sterling was never arrested or charged with the robbery. Under the law he could not be an accomplice unless he could have been prosecuted for the same offense with which appellant was charged. Appellant argues that there were some inconsistencies in the record which present some evidence that Sterling could have been an accomplice. Appellant cites the testimony given by Charles Hood during cross-examination by appellant's counsel. This citation clearly misstates the record and the following constitutes the actual testimony on the record:

Mr. Banks: Did Goose tell you that he and Robert Lee had robbed the store together?

Mr. Hood: Did he tell me?

Mr. Banks: Yes, sir.

Mr. Hood: He told me that later on that night, that he knowed that he was going to rob a store.

Mr. Banks: That Goose was going to rob the store?

Mr. Hood: That Robert Lee was going to do that. You trying to trick me in the cross. That Robert Lee was going to do it. Goose is the one that told me that later on, after Bingo.

This testimony was the result of cross-examination and does not indicate a valid statement that Sterling was an accomplice to the crime. The witness appears to have been confused by the question asked by appellant's counsel. The mere presence of Sterling near the scene of the crime, and his knowledge that appellant was going to rob the store are not enough to make him an accomplice. There was no fact issue presented by the evidence. The trial court did not err in overruling the requested instruction. Appellant's first point of error is overruled.

■■■ In the second point appellant contends that the trial court abused its discretion in allowing the jury to submit written

questions to be propounded to the witnesses. This court has directly dealt with appellant's point of error by approving the trial court's practice of allowing the jurors to propound written questions to witnesses. *Allen v. State*, 807 S.W.2d 639, 642 (Tex. App.—Houston [14th Dist.] 1991, pet. granted 1991); *Buchanan v. State*, 807 S.W.2d 644, 646 (Tex.App.—Houston [14th Dist.] 1991, pet. granted 1991). This court has examined closely the procedure utilized by the trial court in allowing the jurors to question the witnesses in both of the cited cases, and also has examined the procedure employed in this case. Before the trial began the jury was instructed regarding the possibility of asking questions of the witnesses. The judge explained the procedure to be followed to the jury in great detail before it was actually implemented. The following procedure was followed when questions were asked of three witnesses during the trial:

1. The trial court asked for written questions from jurors after both counsels had concluded their respective direct and cross-examination.

2. The jury and witnesses were excused from the courtroom while the admissibility of the questions was determined.

3. The trial court read the proposed questions to both state and defense counsel to determine if there were any legal objections to the questions.

4. The jury and witness were brought back into the courtroom and the questions were propounded by the judge to the witness verbatim, if it had been ruled legally admissible.

5. Following the witness's answer, both state and defense were allowed to ask follow-up questions limited to the matter raised by a juror's question.

This exacting procedure followed the guidelines to preserve the position of the juror as arbiter of the facts and not advocates. Appellant further argues that the jury's questions helped the state present its case. A review of the questions asked by the jury reveals that most of the questions were follow-ups of questions asked by counsel for both sides. The only questions not covered by both sides were those asked of Diane Adams regarding whether she had any contact with either Sterling or appellant after the robbery. These questions were neutral as to which side benefitted or was harmed by the process. Appellant failed to make any specific objections to the questions complained of on appeal. The trial court went to great lengths to institute a fair and impartial questioning system as approved by this court's prior decisions. Appellant's second point of error is overruled.

■ Appellant asserts in the third point of error that the trial court erred in denying appellant the right to make an opening statement. Appellant argues that under Tex.Code Crim.Proc.Ann. art. 36.01(a)(5) (Supp.1992) he has a right to make an opening statement. The court of criminal appeals has held in *Norton v. State*, 564 S.W.2d 714, 718 (Tex.Crim.App.1978) that appellant is not entitled to make an opening if he has no intention of presenting any evidence in his defense. The record indicates that appellant's counsel had no intention of presenting any evidence. Counsel indicated to the trial judge that he wished to call witnesses only after it was made clear that an opening statement would not be permitted if no evidence was to be presented. The trial court did not prevent defense counsel from making the opening, but only asked that counsel make the statement in good faith and not use it to argue his case in front of the jury. Counsel did not make the statement before the jury, and objected to the trial court's requirement that counsel state that he intended to present evidence before he would be allowed to make an opening statement. Under the *Norton* rule the trial court did not err in requiring such a representation before counsel for appellant could make an opening statement. Appellant's third point of error is overruled.

■ In a fourth and final point appellant alleges that the evidence was insufficient to identify him as the man who robbed Patel's convenience store. In reviewing a challenge to the sufficiency of the evidence the appellate court must consider the evi-

dence in a light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989). Evidence of the identity of a robber may be proven by direct or circumstantial evidence. *Oliver v. State,* 613 S.W.2d 270, 274 (Tex.Crim.App. 1981)

Reviewing the evidence presented in this case in the light most favorable to the verdict, there was ample evidence from which a trier of fact could have found that appellant was the man who robbed the store on September 6, 1990. The owner of the store Mrs. Patel identified appellant at a photo lineup the same night as the robbery. Marie Looney identified appellant in the courtroom as the same person who robbed the store. A positive identification by an employee of the store in which the crime was committed is ample evidence to support a conviction. *Moore v. State,* 446 S.W.2d 877, 878 (Tex.Crim.App.1969); *See also Perry v. State,* 703 S.W.2d 668, 673 (Tex.Crim.App.1986). Charles Hood, one of appellant's friends, said appellant came to his house for a cigarette and then walked over to the store. The next time Hood saw appellant he was running from the store. Diane Adams testified that appellant ran past her trailer house near the scene of the crime immediately after the robbery. All of the witnesses listed above identified appellant from a photo lineup. Jimmy Sterling also testified that appellant told him he was going to rob the store.

Both the direct and circumstantial evidence presented was more than enough for a rational trier of fact to have found that appellant was the man who robbed Patel's Pantry on September 6, 1990. Appellant's fourth point of error is overruled.

Accordingly all four of appellant's points of error are overruled and the judgment of the trial court is affirmed.

DRAUGHN, Justice, dissenting.

I respectfully dissent and would sustain appellant's second point of error concerning the issue of allowing the jurors to propound questions to the trial witnesses. I find that the trial judge abused his discretion in allowing the jurors to question the witnesses. I find no basis in the rules or statutory law that permits such questioning. While I respect the safeguards that the trial court imposed on the questions by the jurors, I believe that such a significant change should be made only by a specific statute or rule change. Without such authority, juror questioning should be allowed only if both parties agree to it.

I agree with the dissents by Justice Ellis in two prior cases decided by another panel of this court involving this same issue before the same trial judge. *Allen v. State,* 807 S.W.2d 639, 642 (Tex.App.—Houston [14th Dist.] 1991, pet. granted 1991); *Buchanan v. State,* 807 S.W.2d 644, 647 (Tex. App.—Houston [14th Dist.] 1991, pet. granted 1991). The thrust of those dissents is that to allow such questioning by the jurors interjects them as potential advocates in the adversarial system of trial by jury. I would add that it also places the judge in the position of determining which, of the twelve potential advocates' questions will be allowed.

Because no authority exists to allow such questioning and because the appellant specifically objected to the questioning, I dissent, and would reverse and remand.